WILLIAM A. RUTTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rutter v. Commissioner
Docket No. 13634-82.
United States Tax Court
T.C. Memo 1984-525; 1984 Tax Ct. Memo LEXIS 146; 48 T.C.M. (CCH) 1269; T.C.M. (RIA) 84525; October 2, 1984. Joseph G. Metz, for the petitioner. Elizabeth M. Fasciana, for the respondent. PANUTHOS MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case *147 was assigned to Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,062.76. The only issue for decision is whether payments received by William A. Rutter (hereinafter petitioner) while on sick-leave are excludible under section 104(a)(1) as amounts received under a workmen's compensation act or a statute in the nature of a workmen's compensation act. This case was submitted fully stipulated pursuant to Rule 122. [2] The stipulation of facts and exhibits attached are incorporated herein by this reference. At the time of filing the petition in this case petitioner was a resident of New York City, New York. Petitioner was employed in 1978 as a New York City Police Officer. Although the record does not disclose when he began working as a police officer in New York, petitioner was injured in *148 the line of duty in July 1972. During 1978, as a result of his old line of duty injury, petitioner was absent from work for the following periods: Periods of Absence
January 1 to February 19 February 20 to March 12 April 24 to August 17 Petitioner retired from the New York City Police Department on October 29, 1978. During his absence from work in 1978 and prior to his retirement in October of that year petitioner received sick-leave payments amounting to $10,873.45. Petitioner relies upon the Administrative Code of the City of New York, Sec. 434a-14.0(c). That section read as follows: * * * c. The commissioner is also authorized and empowered in his discretion, to deduct and withhold salary from any member or members of the force for or on account of absence for any cause without leave, lost time, sickness or other disability, physical or mental; provided, however, that the salary so deducted and withheld shall, not, except in case of absence without leave, exceed one-half thereof for the period of such absence; and provided, further, that not more than one-half pay for three days shall be deducted on account of absence caused by sickness. * * * *149 The New York City Police Department Patrol Guide [3] also relied upon by petitioner provided for an internal method of handling a police officer's absence. The procedure for "Line of Duty Injury or Death Occurring Within City" is defined as "To report and record line of duty injuries and death", and "As used in this procedure [the investigator] will normally be the Lieutenant Operations Office of the precinct of occurrence." [Emphasis added.] The procedure is a twenty step process involving notification of various people, description of the circumstances under which the accident occurred, provisions for what to do if a member dies, and similar accident related procedures. The Reporting Sick procedure entails a twenty-five step process which also covers who is to be notified, how the notification is to occur and other rules dealing with the administrative mechanics of accounting for an officer who would not be on the job. *150 The contract between the City of New York and the Policemen's Benevolent Association (P.B.A.), Article X, Sec. 2a, provides as follows: Sick Leave.
a. Each employee shall be entitled to leave with pay for the full period of any incapacity due to illness, injury or mental or physical defect, whether or not service-connected. Neither the administrative provision nor the contract provide for any special remedy for injuries that are incurred in the line of duty. [4] The Patrol Guide distinguishes a line of duty injury from some other injury or illness only for the purpose of internal record keeping. Petitioner claimed an exclusion for the amounts received as disability income on his 1978 Federal income tax return. Respondent disallowed this amount in full. Petitioner's position is that the payments were received pursuant to a statute in the nature of workmen's compensation act and therefore excludible from taxation under section 104(a). Respondent, on the other *151 hand, argues that the amounts received by petitioner were paid pursuant to a union contract that permitted payment of the petitioner's salary during his absence from work irrespective of whether or not his absence is the result of sickness or injury and whether or not service connected. Section 104(a)(1) provides that amounts received under a Workmen's Compensation Act are not included in gross income. [5]Section 1.104-1(b), Income Tax Regs., provides as follows: * * * (b) Amounts received under workmen's compsenation acts. Section 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen's compensation act * * *, or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. * * * *152 The exclusion under section 104(a)(1) applies to payments made under a statute in the nature of a workmen's compensation act for personal injuries or sickness incurred in the course of employment. Haar v. Commissioner,78 T.C. 864, 867-868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983); Sec. 1.104-1(b), Income Tax Regs. Since the parties agree that the payments received by petitioner were not payments made under a workman's compensation act, we must determine whether such payments were made pursuant to a statute in the nature of a workman's compensation act. A statute is in the nature of a workman's compensation act only if it allows payments solely for personal injuries or sickness incurred in the course of employment. Take v. Commissioner,82 T.C. 630, 634 (1984); Haar v. Commisisoner,supra at 868. [6] Petitioner argues that the New York City Administrative Code, the contract between the City of New York and the P.B.A. and the procedures contained in the New York City Police Department Patrol Guide are complementary *153 to each other and together have the force and effect of a statute. We do not agree with this analysis. Petitioner has relied on several New York cases to support the proposition that regulations, properly promulgated by an administrative agency and not in conflict with an express statutory provision, have the force and effect of law. While this may be true in some contexts, it is clear from the record before us that there are no regulations issued by the police department which qualify for such treatment. [7]
In Haar v. Commissioner,supra at 867-869, this Court held that Section 104(a)(1) allows the exclusion from gross income of only those amounts that are paid pursuant to workers' compensation acts or statutes in the nature of workers' compensation acts. A statute will not be considered akin to a workers' compensation act if it allows for *154 disability payments for any reason other than on-the-job injuries. Riley v. United States,140 Ct. Cl. 381, 156 F. Supp. 751 (1957). * * * There is nothing in the statutory scheme presently before us, which constitutes astatute in the nature of a workmen's compensation act. Quite the contrary, the Administrative Code provides the broadest possible latitude for payment of salary to a police officer who is absent from duty irrespective of the reasons for that absence. We do not read the private contractual arrangement, or the in-house procedures employed by the police department as otherwise narrowig the administrative code. Thus, we are satisfied that the payments made to petitioner were not made under a statute in the nature of a workmen's compensation act. [8]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. On August 6, 1984, we granted a joint motion for leave to reopen the record in order to file a supplemental stipulation of facts. On the same date the Court filed the supplemental stipulation of facts which attached relevant portions of the New York City Police Department Patrol Guide.↩
4. The parties have stipulated that petitioner would have received the same salary payments whether he was absent from work due to a line of duty injury or whether he was absent due to other injury or illness.↩
5. SEC. 140. COMPENSATION FOR INJURIES OR SICKNESS.
(a) In General. Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include- (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness; * * *↩
6. See also Clifford v. Commissioner,T.C. Memo. 1984-426↩.
7. The patrol guide which distinguishes between line of duty injuries and other injuries or illnesses represents nothing more than the procedural format laid out by the police department, presumably unilaterally and without approval by any legislative body, for handling different kinds of absences from work.↩
8. See Clifford v. Commissioner,supra.↩