**Mildred W. RILEY**

v.

**The UNITED STATES.**

No. 495–55.

United States Court of Claims.

Dec. 4, 1957.

Leonard Kaplan, Washington, D. C., for plaintiff.

Harlan Pomeroy, Washington, D. C., with whom was Acting Asst. Atty. Gen. John N. Stull, Washington, D. C., for defendant. James P. Garland, Washington, D. C., was on the brief.

MADDEN, Judge.

The plaintiff is the widow of John C. Riley, a member of the District of Columbia Metropolitan Police Force who died in 1943. As Mr. Riley's widow, the plaintiff received, pursuant to a statute, a monthly pension from the Policemen and Firemen's Relief Fund, D. C. She included the sums so received in her income tax returns for the years 1950, 1951, and 1952, and paid income taxes accordingly, but later filed claims for refund which asserted that these sums did not constitute taxable income. Her claims for refund have not been granted, hence this suit.

The Internal Revenue Code of 1939, as amended, 26 U.S.C. § 22, 1952 ed., contained the following provision:

"§ 22. Gross income

\* \* \* \* \* \*

"(b) Exclusions from gross income. The following items shall not

be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \*

"(5) \* \* \* amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, \* \* \*"

The plaintiff claims that the sums received by her as the widow of a policeman were, in the circumstances here present, exempt from income tax under the quoted statute. As appears from our findings, Mr. Riley was disabled in line of duty and had been recommended for disability retirement. It is fair to infer that he would have been retired for disability as soon as the necessary procedural steps had been taken, and that such retirement did not occur only because he died less than a month after the recommendation was made.

Section 4–507 of the District of Columbia Code (1951 ed.,), provides for retirement for disability, on half pay, of policemen. The same section provides for a pension for the widow of any policeman who dies from any cause, before or after retirement.

The disability retired pay of a policeman, paid pursuant to the District of Columbia Code, is exempt from income tax under section 22(b) (5) of the Internal Revenue Code, supra, because it is the legal equivalent of workmen's compensation. Frye v. United States, D.C., 72 F.Supp. 405. But the provision in the code for pensions for widows of policemen does not make their payment dependent upon the cause of the husbands' deaths. If the plaintiff's husband had died of natural causes, her pension would have been the same as it was, and as it would have been if he had in fact been, before his death, retired for disability.

We see no basis for the application of section 22(b) (5) of the Internal Revenue Code to the payments received by the plaintiff, and her petition will be dismissed.

It is so ordered.

JONES, Chief Judge, MARIS, Circuit Judge, sitting by designation, and WHITAKER and LITTLETON, Judges, concur.