Lawrence D. SMELLEY and June Morrison (Smelley), Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 92–HM–0486–NW.

United States District Court, N.D. Alabama, Northwestern Division.

Oct. 29, 1992.

Lindsey Mussleman Davis, Holt McKenzie Holt & Mussleman, Florence, Ala., for plaintiffs.

Caryl P. Privett, U.S. Attorney's Office, Birmingham, Ala., Cynthia M. Lewis, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

MEMORANDUM OPINION

HALTOM, Senior District Judge.

This is a civil action wherein the plain-

tiffs-taxpayers[1] claim a refund of federal income taxes allegedly overpaid. Jurisdiction is based on 28 U.S.C. § 1346(a)(1). This action came before the court on cross-motions for summary judgment. The motions were fully briefed and oral argument was held on October 23, 1992.

## I. BACKGROUND

Plaintiff, Lawrence D. Smelley, was employed as an Alabama State Trooper. On April 1, 1982, Mr. Smelley retired on medical disability due to hypertension. Mr. Smelley received retirement payments on account of his medical disability from the Retirement Systems of Alabama during the tax years 1985, 1986, 1987, 1988 and 1989

in the following amounts:

| 1985 | $16,612.20 |
|------|------------|
| 1986 | $17,000.64 |
| 1987 | $17,000.64 |
| 1988 | $17,134.00 |
| 1989 | $17,533.00 |

The retirement payments were paid to Mr. Smelley pursuant to Alabama Code §§ 36–30–20 to 36–30–23 (1975). Plaintiffs did not include these retirement payments as income on their 1985, 1986, 1987, 1988 and 1989 federal income tax returns. The Internal Revenue Service examined these tax returns and determined that the retirement payments should have been reported as taxable income. The Internal Revenue Service made deficiency tax assessments against the plaintiffs as follows:

| Tax Year | Date of Assessment | Amount of Assessment [*] |
|----------|--------------------|--------------------------|
| 1985 | 12/18/89 | $4,225 |
| 1986 | 12/18/89 | 3,610 |
| 1987 | 12/18/89 | 3,820 |
| 1988 | 6/25/90 | 2,096 |
| 1989 | 8/13/90 | 2,494 |

[*] Includes assessed interest.

Plaintiffs filed claims for refund for the years 1985 through 1989, inclusive, alleging that the payments had been properly excluded from income. On January 27, 1992, the Internal Revenue Service disallowed the refund claims for each of the taxable years 1985 through 1989. Plaintiffs responded by filing this refund action on February 26, 1992.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD OF REVIEW

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate when there exists no genuine issue of material fact and a decision may be rendered as a matter of law. The function of a motion for summary judgment is to smoke out if there is any genuine dispute as to any material fact,

and if there is no such dispute, the trial court should decide the case on motion to conserve judicial time and energy by avoiding unnecessary trials. *Bland v. Norfolk & Southern R. Co.,* 406 F.2d 863 (4th Cir. 1969). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp., supra,* 477 U.S. at 323, 106 S.Ct. at 2553; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

---

**1.** The plaintiffs in this refund suit are Lawrence D. Smelley and his wife, June Morrison Smelley. June Morrison Smelley is a plaintiff solely

because she filed joint federal income tax returns with her husband.

## B. BURDEN OF PROOF

It has long been settled that the burden of proof in the litigation of tax matters generally rests with the taxpayer, and it places on the taxpayer the burden of going forward with the evidence as well as the burden of persuasion. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935); *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Lewis v. Reynolds*, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293 (1932); *Reinecke v. Spalding*, 280 U.S. 227, 232–233, 50 S.Ct. 96, 97–98, 74 L.Ed. 385 (1930); *Botany Mills v. United States*, 278 U.S. 282, 289–290, 49 S.Ct. 129, 131–132, 73 L.Ed. 379 (1929); *United States v. Anderson*, 269 U.S. 422, 443, 46 S.Ct. 131, 135, 70 L.Ed. 347 (1926). In a refund action in the district courts or Claims Court, the taxpayer bears the burden of proving the assessment is erroneous and that he or she is entitled to a refund. *Bull v. United States*, 295 U.S. 247, 260, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935); *Hornsby v. IRS*, 588 F.2d 952, 953 (5th Cir.1979).

 A Certificate of Assessments and Payments is admissible for proving the assessments and, furthermore, the Certificate establishes the presumptive correctness of the tax assessments and a prima facie case of liability. *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir.1989), cert. denied, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *Olster v. Commissioner*, 751 F.2d 1168, 1174 (11th Cir.1985); *United States v. Strebler*, 313 F.2d 402, 403–404 (8th Cir.1963); *G.M. Leasing Corp. v. United States*, 514 F.2d 935, 941 (10th Cir.1975), aff'd in part, rev'd in part on other grounds, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *United States v. Posner*, 405 F.Supp. 934, 937 (D.Md. 1975); *Pinder v. United States*, 330 F.2d 119, 124 (5th Cir.1964); *Mersel v. United States*, 420 F.2d 517, 518 (5th Cir.1970); *United States v. Rexach*, 482 F.2d 10, 19 (1st Cir.1973), cert. denied, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); *In re Avien, Inc.*, 390 F.Supp. 1335, 1341–1342 (E.D.N.Y.1975), aff'd, 532 F.2d 273 (2d Cir. 1976); *United States v. Molitor*, 337 F.2d 917 (9th Cir.1964); *Kilpatrick v. Commissioner*, 227 F.2d 240, 244 (5th Cir.1955).

## C. DISABILITY PAYMENTS

 Gross income is defined by the Internal Revenue Code to include "all income from whatever source derived" ... "[e]xcept as otherwise provided in this subtitle ... 26 U.S.C. § 61. Accordingly, disability benefits are includable in gross income unless specifically excluded by the Internal Revenue Code. Section 104(a)(1) of the Internal Revenue Code (26 U.S.C.) excludes from gross income "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Treas.Reg. 1.104–1 extends Section 104(a)(1) to amounts paid "under a statute in the nature of a workmen's compensation act as compensation to employees for personal injuries or sickness incurred in the course of employment."

 In order for the plaintiffs to prevail in this action, the disability payments made to Mr. Smelley must have been made pursuant to a worker's compensation act or a statute in the nature of a workmen's compensation act as compensation for hypertension incurred during his employment as a state policeman.

> If it is to come within the definition of a 'workmen's compensation act' for the purposes of section 104, a statute must require, as a precondition to eligibility for benefits, that the injury be incurred in the course of employment. Statutes that do not restrict the payment of benefits to cases of work-related injury or sickness are not considered to be 'workmen's compensation acts' under section 104.

*Take v. Commissioner*, 804 F.2d 553, 557 (9th Cir.1986) and cases cited therein.

The disability payments at issue were authorized by a state statute providing for compensation for the death or disability of municipal employees or state troopers. Ala.Code §§ 36–30–20 through 36–30–23 (1975). Section 36–30–20 defines the term policeman's occupational disease as "[A]ny condition or impairment of health caused by hypertension, heart disease or respirato-

ry disease." The disability payments at issue in this case were paid for hypertension. Section 36–30–21 is the statute authorizing the payments. It provides in pertinent part:

> If a ... state trooper who qualifies for benefits under the provisions of this article suffers disability as a result of a policemen's occupational disease, this *disability shall be compensable the same as any service-connected disability* under any law which provides benefits for policemen of such municipality, or, if a state trooper, under the state employees' retirement system, the same as if injured in the line of duty ... provided, that this article shall not apply to any municipality which has elected to be covered by the workmen's compensation laws of this state."

(emphasis added).

As explained earlier in this opinion, in order for disability payments to be excluded from gross income (taxable income), Section 104(a)(1) of the Internal Revenue Code, as interpreted by Treas.Reg. 1.104–1, requires that the statute authorizing these disability payments must either be a workmen's compensation statute or in the nature of a workmen's compensation act. Because the statute awarding disability benefits to Mr. Smelley does not require, as a precondition to eligibility for benefits, that the injury be incurred in the course of employment, it is not a workmen's compensation statute for purposes of Section 104(a)(1) of the Internal Revenue Code nor "in the nature of a workmen's compensation act" as provided by Treas.Reg. 1.104–1.

Hence, the disability payments that Mr. Smelley received during the years in suit are taxable income and not excludable either under Section 104(a)(1) or under the broader interpretation of Treas.Reg. 1.104–1.

In determining whether the statute is in the nature of a workmen's compensation act, "the regulation charges us to look to the nature of the statute, rather than the source of the injury, and a statute that does not distinguish between work-related injuries and other types of injuries is not 'in the nature of a workmen's compensation statute.'" *Rutter*, 760 F.2d at 468; *Take, supra,* 804 F.2d at 558 (court is not in a position to consider evidence that Take's illness might have been work-related because the court is required to examine the statute under which a taxpayer receives benefits to determine whether the payments under the state statute qualify for section 104 treatment). If the statute does not qualify, then whether the injury was in fact work-related is irrelevant. *Rutter v. Commissioner,* 760 F.2d 466, 468 (2nd Cir. 1985).

Section 36–30–20(4) defines "policeman's occupational disease" to include all cases of hypertension, and requires no determination of occupational causation. Moreover, under section 36–30–21, the disability from such "occupational disease" is "compensable *the same as any service-connected disability ... the same as if injured in the line of duty*" (emphasis added), even if the state trooper was unable to establish that the illness was work-connected.

In other words, because the state statute in issue does not require the state trooper to establish that his hypertension was work-related, the state statute is not in the nature of a workmen's compensation statute and payments made thereunder do not qualify for exclusion from income under 26 U.S.C. § 104(a)(1).

## III. CONCLUSION

The retirement payments paid to Mr. Smelley pursuant to Alabama Code §§ 36–30–20 to 36–30–23 (1975) do not qualify for the exclusion from gross income pursuant to 26 U.S.C. § 104(a)(1), and accordingly, plaintiffs have failed to establish that the income tax assessments made by the Internal Revenue Service against them for the years 1985, 1986, 1987, 1988 and 1989 were erroneous.

The motion for summary judgment filed by the United States will be granted and the motion for summary judgment filed by the plaintiffs is due to be denied. Also, judgment will be entered in favor of the United States holding that the plaintiffs

take nothing and this refund action is due to be dismissed, with prejudice.