**John L. KANE, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1651T.**

United States Court of Federal Claims.

March 19, 1993.

---

## OPINION

FUTEY, Judge.

This tax refund case is before the court on defendant's motion to dismiss the complaint in part for failure to state a claim upon which relief can be granted. Plaintiff's underlying claim requests a refund of taxes for both 1988 and 1989. Although the 1989 claim involves the same central issue as the 1988 claim, defendant has asserted an offset on the 1989 claim. Therefore, defendant moves only to dismiss the 1988 claim. Plaintiff has cross-moved for summary judgment and in opposition to the motion to dismiss.

### Factual Background

Plaintiff, John L. Kane, Jr., became a federal district judge in the United States District Court for the District of Colorado in 1977. On April 8, 1988, plaintiff was granted disability retirement under 28 U.S.C. § 372(a) (1988), due to a condition known as sleep apnea.[1] Plaintiff alleges, and defendant does not dispute, that his injury was triggered by the stress of his duties. Pursuant to § 372(a), plaintiff received $65,136.00 for disability in 1988, which is equal to his salary while in office. Plaintiff reported this amount on his 1988 tax return. In 1991, plaintiff timely filed an amended return for the 1988 year, excluding this disability payment from income under Internal Revenue Code (I.R.C.) 26 U.S.C. § 104(a)(1) (1986). The Internal Revenue Service (I.R.S.) disallowed the claim in September 1991, and plaintiff commenced suit in this court on December 2, 1991.

James R. Walker, Denver, CO, atty. of record, for plaintiff; James M. Lyons and Rothgerber, Appel, Powers & Johnson, of counsel.

David Gustafson, Washington, DC with whom was Acting Asst. Atty. Gen. James A. Bruton, atty. of record, for defendant; Mildred L. Seidman, of counsel.

### Discussion

■ The court turns first to defendant's motion to dismiss. A motion for failure to state a claim upon which relief can be granted is appropriate where the plaintiff could assert no set of facts which would support his claim. *Chang v. United States*, 859 F.2d 893, 894 (Fed.Cir.1988).

---

1. Sleep apnea is characterized by a cessation of breathing during sleep. Severe cases of sleep apnea can result in death. Defendant's exhibit (ex.) 6.

Moreover, in reviewing a motion to dismiss under RCFC 12(b)(4), the court must "assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *Gould Inc. v. United States*, 935 F.2d 1271, 1273 (Fed. Cir.1991); *Coggeshall Development Corp. v. United States*, 23 Cl.Ct. 739, 743 (1991).

Plaintiff pursues his claim under 28 U.S.C. § 372(a)[2] which states:

> Any justice or judge of the United States appointed to hold office during good behavior *who becomes permanently disabled from performing his duties* may retire from regular active service.... Each justice or judge retiring under this section after serving ten years continuously or otherwise shall, during the remainder of his lifetime, receive the salary of the office. [Emphasis added.]

Plaintiff asserts that his disability pay received, pursuant to § 372(a), is exempt from income under I.R.C. § 104(a)(1) which provides:

> (a) In general ... gross income does not include—
>
> > (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness.

Treasury Regulation § 1.104–1(b) further explains:

> Section 104(a)(1) excludes from gross income amounts which are received by an employee *under a workmen's compensation act ... or under a statute in the nature of a workmen's compensation act* which provides compensation to employees for personal injuries or sickness incurred in the course of employment. [Emphasis added.]

Therefore, under § 104(a)(1), amounts received under a workmen's compensation act[3] qualify for exclusion from income. In addition, the regulation expands the scope of exclusion to payments made pursuant to statutes *in the nature of* a worker's compensation act. Plaintiff, thus, is claiming that payments under § 372(a) fall under the § 104(a)(1) exemption from income. Essentially, plaintiff's argument is twofold. First, plaintiff contends that the linchpin of § 104(a)(1) is whether the injury was actually work-related, not whether the statute itself, is, strictly speaking, a worker's compensation statute. Secondly, plaintiff contends that, in any event, § 372(a) *is* a statute in the nature of a worker's compensation act.

In support of his first argument, plaintiff points to a line of cases concerning the § 104(a)(1) exclusion of income where the court ultimately looked to the nature of the injury in order to determine whether the payment qualified for exclusion. *See Simms v. Commissioner*, 196 F.2d 238 (D.C.Cir.1952); *Neill v. Commissioner*, 17 T.C. 1015 (1951); *Frye v. United States*, 72 F.Supp. 405 (D.D.C.1947). Plaintiff reads these cases to stand for the proposition that the focus of a § 104(a)(1) analysis is on the nature of the injury and not on the nature of the statute itself. Plaintiff contends that § 104(a)(1)[4] was reenacted in 1954 verbatim, thereby ratifying plaintiff's view of the judicial interpretation of that section.[5] *See* H.R.Rep. No. 1337, 83rd Cong., 2d Sess. 4168–69, 1954 U.S.Code Cong. & Admin.News 4017 (1954). Under this analysis, plaintiff maintains that the true intent of Congress was to exclude payments made to those who are injured on

---

2. The Senate Report for § 372(a) indicates that the purpose of the bill was to relieve—
    [A] condition that exists in a few districts; i.e., the tendency of a judge who is physically unfit for service on the bench to attempt to continue his duties until the retirement age so that he might have an income on which to live. S.Rep. No. 751, 76th Cong., 1st Sess. 42 (1939).

3. Although the statute and the regulation refer to a workmen's compensation act, hereinafter, it will be referred to as the worker's compensation act or statute.

4. The section's predecessor statute was Internal Revenue Code (I.R.C.) § 22(b)(5) (1939).

5. In statutory interpretation, "[a] cardinal principle ... is that, in the absence of a clearly expressed intent to the contrary, the revision or recodification of a statute indicates approval of court interpretations of the statute made prior to reenactment." *Atkins v. United States*, 556 F.2d 1028, 214 Ct.Cl. 186, 206 (1977), *cert. denied*, 434 U.S. 1009, 98 S.Ct. 718, 54 L.Ed.2d 751 (1978).

**13**

the job, so long as they are covered by some disability statute. Therefore, plaintiff argues that since his injury was work-related and his payments are received under a disability statute, plaintiff's income should be exempt. Plaintiff asserts that such a holding would be in accord with the true intent of Congress.

Section 104(a)(1), however, explicitly excludes from income "amounts received under workmen's compensation acts." In statutory interpretation the "starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *see also American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). Section 104(a)(1) clearly states that amounts must be paid under a *worker's compensation act* to qualify for exclusion. Congress could have, but did not choose to, make exclusion dependent solely upon the nature of the injury. Recent case-law, moreover, supports this interpretation:

> Courts are required ... to examine the statute under which a taxpayer receives benefits to determine whether the law qualifies for section 104 treatment.... If the statute does not qualify, then *whether the injury was in fact work-related is irrelevant.*

*Take v. Commissioner*, 804 F.2d 553, 558 (9th Cir.1986), *citing Gallagher v. Commissioner*, 75 T.C. 313, 316, 1980 WL 4433 (1980); *Smelley v. United States*, 806 F.Supp. 932 (N.D.Ala.1992). Thus, despite plaintiff's contention, the court's *initial* inquiry must be whether § 372(a) is a statute in the nature of a worker's compensation statute.

In addition, plaintiff contends that § 372(a) is a dual-purpose statute in the nature of a worker's compensation act. A dual-purpose statute is one which authorizes payments for work-related, as well as non-work-related disabilities and may provide other pension benefits. Plaintiff asserts that several courts have held that

disability payments made pursuant to dual-purpose statutes can qualify for exclusion. *See Neill*, 17 T.C. at 1017; *Frye*, 72 F.Supp. at 409. Defendant does not dispute that some payments made under dual-purpose statutes may be excluded from income. Rather, defendant counters that § 372(a) is distinguishable from these dual-purpose statutes which have qualified for exclusion from income. Defendant maintains that just because a statute covers both work-related and non-work-related injuries does not make it a *qualifying* dual-purpose statute. A qualifying dual-purpose statute, defendant contends, must provide specifically for work-related injuries. Thus, upon applying for retirement, a worker would receive his payments under that specific section, rather than a section that provides, for instance, retirement pay for years of service. Section 372(a) on the other hand, has only one section which grants disability pay regardless of cause.

The Court of Claims in *Riley v. United States*, 156 F.Supp. 751, 140 Ct.Cl. 381, 382 (1957), applied a § 104(a)(1) analysis to a dual-purpose statute that provided for work-related injuries, retirement pay and for widow's pensions. *Riley* noted—

> The disability pay of a policeman, paid pursuant to the District of Columbia Code, is exempt from income tax ... because it is the legal equivalent of workmen's compensation.... But the provision in the code for pensions for widows of policemen *does not make their payment dependent upon the cause* of the husband's deaths. If the plaintiff's husband had died of natural causes, her pension *would have been the same* as it was ... if he had in fact been ... retired for disability. [Emphasis added.]

140 Ct.Cl. at 382. Accordingly, the court found that widow's pensions under the statute were not excludable from income. *Id. Riley* relied on the fact that the portion of the statute providing for widow's pensions did not make a *distinction* between work-related and non-work-related deaths.[6]

---

6. Moreover, *Riley v. United States,* 140 Ct.Cl. 381 (1957), cites *Frye v. United States,* 72 F.Supp.

The court expressly noted that the widow's pension would have been the same regardless of the nature of the deceased husband's disability. Therefore, the widow's pension portion of the statute was not in the nature of a worker's compensation statute. Similarly, in the instant case, § 372(a) disability pay is granted regardless of the nature of the injury. The court, in *Riley*, pointed out, however, that payments made under the portion of the statute which did provide specifically for disability payments for injuries in the line of duty, would qualify for exclusion from income. Thus, the relevant inquiry, under *Riley* is whether the statute explicitly provides for work-related disability pay.[7]

■ The holding in *Riley* is also consistent with recent case-law which notes that "a statute that does not *distinguish* between work-related injuries and other types of injuries is not 'in the nature of a workmen's compensation statute'." [Emphasis added.] *Rutter v. Commissioner*, 760 F.2d 466, 468 (2nd Cir.1985), *cert. denied*, 474 U.S. 848, 106 S.Ct. 141, 88 L.Ed.2d 116 (1985); *Take*, 804 F.2d at 555. Accordingly, payments made under dual-purpose statutes *may* be excluded from income. However, first, the statute must provide specifically for payments for work-related disabilities. Secondly, the payments sought to be excluded must fall under the work-related disability portion of the statute. Finally, the court may inquire whether the injury was, in fact, work-related.

Section 372(a) does not make a distinction between work-related disabilities and ordinary disability payments. The statute merely provides: "[a]ny justice or judge of the United States appointed to hold office during good behavior *who becomes permanently disabled from performing his duties* may retire from regular active service." [Emphasis added.] Under § 372,

both types of disability retirement come under the exact same language; therefore, no finding of causation need be made before a judge is retired for disability. Nowhere does the statute specifically provide for work-related disability. Accordingly, this court finds that 28 U.S.C. § 372(a) is not in the nature of a workmen's compensation act. Payments made pursuant to § 372(a) do not qualify for exclusion from income under I.R.C. § 104(a)(1).

For the foregoing reasons, defendant's motion to dismiss the complaint in part for failure to state a claim upon which relief can be granted is granted. Plaintiff's cross-motion for partial summary judgment is, accordingly, denied.

The parties shall file a joint status report concerning further proceedings as to the remaining issues in the complaint by April 19, 1993.

---

405 (1947), which dealt with the same dual purpose District of Columbia Code section and found that a policeman who was injured in the line of duty under *that section* could exclude his disability payments from income. *Frye*, 72 F.Supp. at 409.

**7.** In addition, *Haar v. Commissioner*, 78 T.C. 864, 868, 1982 WL 11097 (1982), *aff'd*, 709 F.2d

1206 (8th Cir.1983), *Take v. Commissioner*, 804 F.2d 553, 557 (9th Cir.1986) and *Rutter v. Commissioner*, 760 F.2d 466, 468 (2nd Cir.1985), *cert. denied*, 474 U.S. 848, 106 S.Ct. 141, 88 L.Ed.2d 116 (1985), all cite *Riley* for the proposition that a statute which provides for other than on-the-job injuries is not in the nature of a worker's compensation act.