John L. KANE, Jr., Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 93–5139.

United States Court of Appeals, Federal Circuit.

Dec. 29, 1994.

---

James M. Lyons, Rothgerber, Appel, Powers & Johnson, Denver, CO, argued, for plaintiff-appellant. With him on the brief, was James R. Walker.

Regina S. Moriarty, Atty., Dept. of Justice, of Washington, DC, argued, for defendant-appellee. With her on the brief, were Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen and David English Carmack, Attys. Of counsel, was Edward T. Perelmuter.

Before RICH, PLAGER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

John L. Kane, Jr., appeals from the decision of the United States Court of Federal Claims granting the government's motion to dismiss his claim for a tax refund. *Kane v. United States,* 28 Fed.Cl. 10 (1993). Because a judge's disability retirement pay under 28 U.S.C. § 372(a) (1988) is not excludable from gross income under § 104(a)(1) of the Internal Revenue Code, 26 U.S.C. § 104(a)(1) (1988), we affirm.

## BACKGROUND

Neither party disputes the material facts of this case. In 1977, Kane was appointed a federal district judge on the United States District Court for the District of Colorado. As time progressed, he began to suffer physical manifestations of stress. In 1988, Kane took disability retirement under 28 U.S.C. § 372(a), having been diagnosed as suffering from a condition known as sleep apnea. Section 372(a) provides:

> Any justice or judge of the United States appointed to hold office during good behavior *who becomes permanently disabled from performing his duties may retire from regular active service....*
>
> ....
>
> Each justice or judge retiring under this section after serving ten years continuously or otherwise shall, during the remainder

of his lifetime, receive the salary of the office. A justice or judge retiring under this section who has served less than ten years in all shall, during the remainder of his lifetime, receive one-half the salary of the office.

28 U.S.C. § 372(a) (emphasis added).[1] Pursuant to § 372(a), Kane received an amount equal to his salary as disability retirement pay in 1988 and 1989. He included these amounts in his gross income on his 1988 and 1989 tax returns.

In 1991, Kane filed amended tax returns for 1988 and 1989, excluding his § 372(a) disability retirement pay from his gross income. He claimed that such disability retirement payments are exempt from taxation under § 104(a)(1) of the Internal Revenue Code (Code), which excludes from gross income "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." 26 U.S.C. § 104(a)(1). The Internal Revenue Service (IRS) denied his claim on the ground that Kane failed to establish that the disability payments were in lieu of workmen's compensation.

Kane then filed suit in the Court of Federal Claims seeking a refund, plus court costs, expenses, interest, and attorney fees. In response, the government filed a motion to dismiss the 1988 claim for failure to state a claim upon which relief could be granted.[2] Kane filed a cross-motion for summary judgment and opposed the motion to dismiss. The court granted the government's motion. In so holding, the court rejected Kane's argument that entitlement to the exemption under § 104(a)(1) depended solely on whether payments were provided for a work-related injury.[3] Rather, the court considered that § 104(a)(1) required an analysis of the statute under which payments were made to determine whether the statute qualified as a workmen's compensation act or one "in the nature of" a workmen's compensation act.

*Kane,* 28 Fed.Cl. at 13. The court analyzed § 372(a) and determined that it was not a "workmen's compensation act" or "in the nature of a workmen's compensation act" because the statute does not make a distinction between work-related disability payments and non-work-related disability payments. *Id.* at 14. Thus, the court held that Kane could not exclude the disability retirement payments from his gross income. *Id.* Kane now appeals from that judgment. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(3) (Supp. V 1993).

## DISCUSSION

■ Our review of the decision turns on the proper interpretation of the Internal Revenue Code, a question of law which we review *de novo. Quaker State Oil Ref. Corp. v. United States,* 994 F.2d 824, 826–27 (Fed. Cir.1993). The question of law presented in this case, a case of first impression, is whether disability retirement pay received by a judge under 28 U.S.C. § 372(a) is excludable from gross income under § 104(a)(1) of the Code. To resolve this question of statutory interpretation, we look first to the language of the statute. *Martel v. Department of Transp., Federal Aviation Admin.,* 735 F.2d 504, 507 n. 6 (Fed.Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984).

Section 104(a) provides as follows:

§ 104. Compensation for injuries and sickness.

(a) In general.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, *gross income does not include—*

(1) amounts received *under workmen's compensation acts as compensation for personal injuries or sickness;*

26 U.S.C. § 104 (emphasis added).

Treasury Regulation 1.104–1(b) elaborates on the scope of this exemption:

---

**1.** The government does not contest Kane's entitlement to retire under the provisions of this section.

**2.** Although the 1989 claim involves the same central issue as the 1988 claim, the United States asserted an offset to the 1989 claim. Therefore,

the United States moved to dismiss only the 1988 claim. *Kane,* 28 Fed.Cl. at 11.

**3.** For purposes of this appeal, the parties concede that the disability was work-related.

Section 104(a)(1) excludes from gross income amounts which are received by an employee *under a workmen's compensation act ... or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment.* Section 104(a)(1) also applies to compensation which is paid under a workmen's compensation act to the survivor or survivors of a deceased employee. However, *section 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or by the employees prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness.*

26 C.F.R. § 1.104–1(b) (1988) (emphasis added). "Deference is ordinarily owing to the agency construction if ... the regulation 'implement[s] the congressional mandate in some reasonable manner.'" *Gannet v. United States,* 877 F.2d 965, 968 (Fed.Cir.1989) (quoting *United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 24, 102 S.Ct. 821, 827, 70 L.Ed.2d 792 (1982)).

The Code also provides that gross income includes "all income from whatever source derived," 26 U.S.C. § 61(a) (1988), and the Supreme Court has held that § 61 reflects Congress's intent to use the full measure of its taxing power. *Helvering v. Clifford,* 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788 (1940). Thus, the Court has held that statutes granting tax exemptions should be strictly construed. *E.g., Commissioner v. Jacobson,* 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949) (construing 26 U.S.C. § 22(b)(3) (1946)).

■ Kane argues that § 372(a) is "in the nature of a workmen's compensation act" and that his income received under that provision is therefore exempt under § 104(a). We disagree. The language of the statute and regulation are clear. To be excluded from gross income, payments must be received "under a workmen's compensation act" or "under a statute in the nature of a workmen's compensation act." The payments to Kane are neither. Section 372(a) is not a workmen's com-

pensation act. Workmen's compensation acts provide fixed awards to employees or their dependents in cases of employment-related accidents and diseases, regardless of fault. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 80 (5th ed. 1984). In general, they provide a no-fault award in place of an employer's fault-based liability. *See, e.g.,* The Longshore and Harbor Workers' Compensation Act, ch. 509, 44 Stat. 1424 (1927) (codified as amended at 33 U.S.C. §§ 901–950 (1988)); Federal Employees' Compensation Act, Pub.L. No. 89–554, 80 Stat. 532 (1966) (codified as amended at 5 U.S.C. §§ 8101–8193 (1988 & Supp. V 1993)). Section 372(a), on the other hand, is a disability retirement provision, not a substitute for employer liability. It provides for a continuation of salary, either full salary or half salary, depending upon tenure. It does not in any way displace or relieve the government from any employer liability to the extent that the disability might be work-related.

■ Section 372(a) is also not "in the nature of" a workmen's compensation act. Kane asserts that the trial court erred by applying a "face of the statute" test to determine if § 372(a) is in the nature of a workmen's compensation act. In particular, Kane alleges that the trial court erroneously relied on *Riley v. United States,* 156 F.Supp. 751, 140 Ct.Cl. 381 (1957), for the proposition that a statute must explicitly provide for work-related disability in order to qualify for an exemption. Kane argues that a court, rather than looking to the "face of the statute," must inquire into the underlying cause of a claimant's injury to determine if payments were triggered by a work-related injury. We disagree.

While *Riley* dealt with a widow's pension under a District of Columbia statute, in contrast to § 372(a), which is before us, the trial court did not erroneously rely on *Riley.* It resolved the issue before us, as does this court, by focusing on the language of § 104. That statute refers to workmen's compensation acts. Faithful to the statute, the language of § 104's implementing regulation clearly requires that payments be received "under a *statute* in the nature of a workmen's

compensation act." 26 C.F.R. § 1.104–1 (emphasis added). Thus, it is the *statute,* not the nature of the *injury,* that must be analyzed to determine whether it is in the nature of a workmen's compensation act.

Other courts have interpreted § 104(a)(1) similarly, holding that statutes that do not limit compensation to on-the-job injuries are not in the nature of workmen's compensation acts. *See Take v. Commissioner,* 804 F.2d 553 (9th Cir.1986) (ordinance that makes no distinction between work-related and non-work-related diseases is not in the nature of a workmen's compensation act); *Haar v. Commissioner,* 709 F.2d 1206 (8th Cir.1983) (exemption does not apply to payments under the Civil Service Retirement Act, which is not designed to provide compensation for on-the-job injuries); *Smelley v. United States,* 806 F.Supp. 932 (N.D.Ala.1992) (state statute providing disability compensation to municipal employees and state troopers, regardless of cause, not a workmen's compensation act or in nature of workmen's compensation act), *aff'd per curiam,* 3 F.3d 389 (11th Cir.1993).

Kane counters that several Tax Court decisions have held that an inquiry into the nature of the injury is required under § 104(a)(1) rather than an analysis of the statute. *See Golden v. Commissioner,* 30 T.C.M. (CCH) 691, 1971 WL 2409 (1971); *McDonald v. Commissioner,* 33 T.C. 540, 1959 WL 967 (1959). These contrary decisions are not persuasive in light of more recent decisions and IRS rulings to the contrary. *See, e.g., Clifford v. Commissioner,* 48 T.C.M. (CCH) 824, 825, 1984 WL 15075 (1984); Rev.Rul. 85–104, 1985–2 C.B. 52, 53 (same).

Kane further argues that even if we accept a "face of the statute" test, § 372(a) is in the nature of a workmen's compensation act because it is a "dual-purpose" statute that provides payment for both work-related and non-work-related disabilities. Kane argues that since the payments were received for a work-related disability under a "dual-purpose" statute, he may exclude these payments from his gross income. In support of his argument, Kane points to a line of cases concerning the predecessor statute to

§ 104(a)(1), 26 U.S.C. § 22(b)(5) (1946), in which courts made inquiry into the source of the disability when a statute provided for both work-related and non-work-related disabilities. *See Simms v. Commissioner,* 196 F.2d 238 (D.C.Cir.1952) (statute providing retirement for disability incurred in line of duty or for 25 years of service); *Neill v. Commissioner,* 17 T.C. 1015, 1951 WL 288 (1951) (statute providing retirement for disability incurred in line of duty or for 16 years of service); *Frye v. United States,* 72 F.Supp. 405 (D.D.C.1947) (same statute as in *Simms* ).

However, unlike the statutes in *Simms, Neill,* and *Frye,* § 372(a) provides for disability retirement payments regardless of the cause of the disability. In contrast, *Simms, Neill,* and *Frye* involved statutes in which at least one provision, on its face, specifically provided for payments based solely on injury or sickness arising out of employment. The courts, therefore, were required to make an inquiry as to the portion of the statute under which payments were awarded. For example, the district court in *Frye* dealt with a statute creating a policemen's and firemen's relief fund which the court described as providing:

(1) a system for the compensation of policemen and firemen who have been disabled through injury received or disease contracted in line of duty in the nature of a workmen's compensation act; and (2) a system for voluntary retirement of policemen and firemen who have served not less than 25 years and have reached the age of 55, and the involuntary retirement of policemen and firemen who have reached the age of 60. . . .

*Frye,* 72 F.Supp. at 408. Faced with this dual-purpose statute, the district court made the determination that benefits were awarded under the first part of the statute and therefore exempt from taxation. *Id.* at 409. Here, however, § 372(a) makes no distinction between payments for work-related and non-work-related disabilities and therefore it is not a dual-purpose statute. *Accord Take,* 804 F.2d at 557. No inquiry into the nature of the injury is thus required.

Our interpretation of § 104, and the trial court's, is consistent with the general rule that all income is taxable unless specifically excluded from gross income. Disability retirement income under § 372(a) is nowhere specifically excluded from gross income; in particular, it is not excluded under § 104(a)(1) because § 372(a) is not a workmen's compensation act. Moreover, the statute is no more "in the nature of" a workmen's compensation act than it is a workmen's compensation act *per se*. We thus conclude that disability retirement pay under § 372(a) is not excludable from gross income.

Added support for the trial court's conclusion is provided by the further sentence in Treasury Regulation § 1.104–1(b) which states that "section 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, ... even though the employee's retirement is occasioned by an occupation injury or sickness." 26 C.F.R. § 1.104–1. It is clear that disability retirement under § 372(a), even if "occasioned by an occupation injury or sickness," provides a pension determined by length of service. Thus, § 372(a) awards a retirement pension or annuity not excludable under § 104(a)(1), rather than excludable workmen's compensation.

## CONCLUSION

We therefore hold that disability retirement payments received under 28 U.S.C. § 372(a) are not excludable from gross income pursuant to 26 U.S.C. § 104(a)(1) because § 372(a) is neither a workmen's compensation act nor is it "in the nature of" a workmen's compensation act. Accordingly, we affirm the Court of Federal Claims' grant of the government's motion to dismiss.

*AFFIRMED.*