**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CLIFFORD V. STANLEY, JR.;
NANETTE J. STANLEY; JAMES
LACEFIELD; FLORENCE L.
LACEFIELD; ROBERT L.
JEVNAGER; MARJORIE C.
JEVNAGER; JACK O. KING; and
MARJORIE J. KING,

    Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 96-1191

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. CIV. No. 93-S-2340)**

---

Michael J. Abramovitz of Abramovitz & Merriam, Denver, Colorado, for
Plaintiffs-Appellants.

Annette M. Wietecha (Richard Farber, Attorney, Tax Division, and Henry L.
Solano, United States Attorney for the District of Colorado, Of Counsel, with her
on the brief), Tax Division, Department of Justice, Washington, D. C., for
Defendant-Appellee.

---

Before **BRORBY**, **McKAY**, and **HENRY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

_____

Plaintiffs, four former Denver firefighters and police officers and their spouses, seek recovery of federal income taxes paid to the United States. They contend that their income from pensions awarded under Colorado Revised Statutes [C.R.S.] § 31-30-508 and § 31-30-608[1] should have been exempt from federal income taxation pursuant to Internal Revenue Code § 104(a)(1). See 26 U.S.C. § 104(a)(1). After their refund claims were denied by the Internal Revenue Service, all of the plaintiffs filed refund suits which were consolidated by the district court. Almost a year after the district court denied Plaintiffs' Motion for Summary Judgment, it granted Defendant's Motion for Summary Judgment and dismissed Plaintiffs' complaint. Plaintiffs appeal the district court's order granting Defendant summary judgment.

Orders granting summary judgment are reviewed de novo by the appellate court. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary

---

[1] C.R.S. § 31-30-508 and § 31-30-608 were superseded by C.R.S. § 31-30-1007. However, only the benefits received under the earlier statutes are in dispute. As the district court explained in its Order which rejected Defendant's argument that the new statute should apply, Plaintiffs "have chosen, as allowed by statute, to be covered by the local plans, [C.R.S.] § 31-30-508 or § 31-30-608." Attach. to Appellant's Br. (Order filed March 28, 1996, at 2).

judgment is only appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995).  In conducting our review, "'we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  Kaul, 83 F.3d at 1212 (quoting Wolf, 50 F.3d at 796).

Title 26 U.S.C. § 104(a)(1) provides that "amounts received under workmen's compensation acts as compensation for personal injuries or sickness" shall not be included in the determination of gross income.  This statute is clarified by its implementing regulation, 26 C.F.R. § 1.104-1(b), which states that § 104(a)(1) excludes from gross income amounts which are received under a statute "in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment."  26 C.F.R. § 1.104-1(b); see Kane v. United States, 43 F.3d 1446, 1449 (Fed. Cir. 1995).  The regulation goes on to state that § 104(a)(1) does not apply to a retirement pension determined by reference to the employee's age or length of service "even though the employee's retirement is occasioned by an occupational injury or sickness."  A taxpayer has the burden of proving entitlement to the § 104(a) exclusion.  See, e.g., Welch v. Helvering, 290 U.S. 111, 115 (1933); Estate of Wycoff v. Commissioner, 506 F.2d 1144, 1149 (10th

Cir. 1974) ("the taxpayer must prove the applicability of the deduction or exception claimed"), cert. denied, 421 U.S. 1000 (1975).

A disciplined inquiry under § 104(a)(1) requires that we first analyze C.R.S. § 31-30-508 and § 31-30-608 to determine whether they are workmen's compensation acts[2] or "statute[s] in the nature of a workmen's compensation act." C.F.R. § 1.104-1(b); see Kane, 43 F.3d at 1449-50 (endorsing a "face of the statute" test to determine if a disability retirement statute is in the nature of a workmen's compensation statute); Craft v. United States, 879 F. Supp. 925, 931 (S.D. Ind. 1995) (refusing to investigate the operation of the pension plan without proof that it had been incorporated into the statute by reference because "[t]he focus should be on the purpose and function, as revealed on its face, of the statute"). "[I]t is the *statute*, not the nature of the *injury*, that must be analyzed to determine whether [the statute] is in the nature of a workmen's compensation act." Kane, 43 F.3d at 1450; see also Take v. Commissioner, 804 F.2d 553, 558 (9th Cir. 1986) ("Courts are required . . . to examine the statute under which a taxpayer receives benefits to determine whether the law qualifies for section 104 treatment. If the statute does not qualify, then whether the injury was in fact work-related is irrelevant.") (citing Gallagher v. Commissioner, 75 T.C. 313, 316

---

[2]  Rather than use the gender-neutral term "worker's compensation," we use the term "workmen's compensation" because it is used in § 1.104-1(b).

(1980)); <u>Rutter v. Commissioner</u>, 760 F.2d 466, 468 (2d Cir.) (exemption denied to a police officer who had sustained an injury in the line of duty because his benefits were not received under a statute "in the nature of a workmen's compensation act"), <u>cert. denied</u>, 474 U.S. 848 (1985).

"The most distinctive feature of workmen's compensation plans is their limited scope--such laws are meant to apply only to injuries or sickness incurred by virtue of employment." <u>Take</u>, 804 F.2d at 557. In order to qualify as statutes in the nature of workmen's compensation acts, C.R.S. § 31-30-508 and § 31-30-608 must limit the payment of benefits to work-related injuries. <u>See</u> <u>Kane</u>, 43 F.3d at 1450 (holding that "statutes that do not limit compensation to on-the-job injuries are not in the nature of workmen's compensation acts"); <u>Take</u>, 804 F.2d at 557. Statutes providing benefits for any injury or illness that is sustained by an employee, regardless of whether it was incurred in the course of employment, are not statutes in the nature of workmen's compensation acts under § 104. <u>See</u> <u>Take</u>, 804 F.2d at 557; <u>Rutter</u>, 760 F.2d at 468 ("[A] statute that does not distinguish between work-related injuries and other types of injuries is not 'in the nature of a workmen's compensation statute.'").

Both the firefighters' disability statute and the police officers' statute award benefits only for injuries or illnesses incurred in the course of

employment.[3] The firefighters' disability pension statute provides, in pertinent

part:

> Any officer, member, or employee of said fire department who
> becomes mentally or physically disabled *while on active duty during
> regularly assigned hours of duty* from any cause not self-inflicted nor
> due to the habitual use of intoxicants or drugs to an extent whereby
> he is unable to perform his duties shall be retired by the board.

C.R.S. § 31-30-508(1) (emphasis added). The relevant language from the police

officers' disability statute provides:

> If any officer, member, or employee of the police department, *while
> in the performance of his duty*, becomes mentally or physically
> permanently *disabled by reason of service in such department* so as
> to render necessary his retirement from service in such department,
> the board shall retire such disabled member from service in such
> department. No such retirement on account of disability shall occur

---

[3] For the first time on appeal, Defendant finds fault in the language of C.R.S. §
31-30-508, the firefighters' disability pension statute. Defendant insists that the statute is
not in the nature of a workmen's compensation statute because it benefits

> any firefighter that sustains an injury or sickness on the job, regardless of
> whether the injury or sickness is sustained by reason of such service. Under
> [the] statute, for example, a firefighter who falls off a stool at a lunch
> counter during his regular duty hours and becomes permanently disabled as
> a result of such fall would still qualify for the payment of benefits under the
> firefighters disability statute.

Appellee's Br. at 23. Not only does Defendant fail to cite any authority for such a strict
construction of "work-related injury," Defendant failed to raise this argument in the
district court. We, therefore, do not address Defendant's contentions. See Tele-
Communications, Inc. v. Commissioner, 104 F.3d 1229, 1233 (10th Cir. 1997) ("[T]o
preserve the integrity of the appellate structure, we should not be considered 'a second-
shot' forum . . . where secondary, back-up theories may be mounted for the first time.");
Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992).

unless said member has contracted said disability while in the service of said police department.

C.R.S. § 31-30-608(1) (emphasis added). Because the disability pensions under C.R.S. § 31-30-508 and § 31-30-608 are only paid for work-related disabilities and those benefits are paid without regard for an employee's age or length of service, those statutes have the hallmark characteristic of statutes in the nature of workmen's compensation acts.[4]

Defendant contends that although the two statutes restrict benefits to work-related injuries, thus capturing the essential purpose of workmen's compensation statutes, they are not in the nature of workmen's compensation acts because they do not require quick delivery of benefits. Defendant bases this argument on the substantial amount of time that exists between some Plaintiffs' initial injuries and their applications for disability pensions. It is true that some authorities have stated that an ancillary purpose of workmen's compensation statutes is to provide "swift compensation" for work-related injuries. See Take, 804 F.2d at 557; C.R.S. § 8-40-102(1) ("It is the intent of the general assembly that the 'Workers' Compensation Act of Colorado' be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to injured workers at a

---

[4] The district court made an identical determination in its initial order denying Plaintiffs' Motion for Summary Judgment. Attach. to Appellants' Br. (Order filed April 11, 1995, at 4) (these statutes are "indisputably in the nature of a worker's compensation act").

reasonable cost to employers, without the necessity of any litigation.").[5]

However, we hold that the lengthy interval between the officers' and firefighters' initial injuries and their filing for benefits is not fatal to the determination that C.R.S. § 31-30-508 and § 31-30-608 are statutes in the nature of workmen's compensation acts. The Colorado statutes, like typical workmen's compensation acts, hold the police and fire departments strictly liable for work-related injury and sickness. See Kane, 43 F.3d at 1449; Take, 804 F.2d at 557. Rather than influencing our classification of the statutes, the time interval between Plaintiffs' initial injuries and their disability claims is more appropriately a factor for us to consider in determining whether Plaintiffs' pensions were actually received "*under* workmen's compensation acts *as compensation for personal injuries or sickness*." 26 U.S.C. § 104(a)(1) (emphasis added). We consider the time interval in our discussion below where we determine whether the payments were actually received under the statutes as compensation for injuries as opposed to pensions based on length of service.

Because we have determined that § 31-30-508 and § 31-30-608 are in the nature of workmen's compensation acts, we must next consider whether the district court was correct in concluding that no reasonable jury could find that

---

[5] This language in C.R.S. § 8-40-102 relating to the purpose of Colorado's general workmen's compensation act was adopted in 1990 after all Plaintiffs had filed their disability claims.

Plaintiffs' pensions were paid for personal injuries or sickness. Although there is no dispute that Plaintiffs each received an injury as a result of the performance of their duties, see Appellee's Br. at 28, at the time Plaintiffs were granted disability retirement, each was eligible for retirement based on length of service which would have provided them with the same benefits as disability retirement. Plaintiffs' initial injuries, the basis of their disability retirement claims, occurred from six to twenty-four years before Plaintiffs applied for disability retirement. In the interim Plaintiffs continued working, and two were promoted to higher ranks. A sizable percentage of all retiring police officers and firefighters received disability retirement pensions under § 31-30-508 and § 31-30-608 when those statutes were in effect. See Appellee's Br. at 10. In fact, few police officers and firefighters who applied for disability retirement under those statutes were denied. See id. The district court suggested that the high number of disability retirees was due, in large part, to a standard of determining disability which was, in the court's opinion, "fatally flawed." Attach. to Appellants' Br. (Order filed March 28, 1996, at 4). The court relied on its conclusion that the pension board's use of police and fire department entrance tests was a flawed criteria for disability in its order granting Defendant summary judgment. Then the court concluded its order by stating: "The sheer number of police and fire retirees who retire with disabilities as well as the very substantial amounts of time

that often exist between the injuries and the disabilities refute the assertion that these payments are compensation for the injuries as opposed to pensions based on length of service." Id. (Order at 5).

It could be inferred from the evidence recited above that Plaintiffs did not actually receive their pension benefits for work-related disabilities and that the benefits were awarded for length of service. However, the standard for granting summary judgment requires a liberal construction of the record in Plaintiffs' favor. See Sierra Club v. Lujan, 972 F.2d 312, 314 (10th Cir. 1992); Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1391-92 (10th Cir. 1988). As the district court itself conceded, "there is no basis for the Court to conclude that the pension board made their disability determination based on any reference to length of service." Attach. to Appellants' Br. (Order filed April 11, 1995, at 5).

In addressing Defendant's summary judgment motion, the court should have made the reasonable inference that jobs with the police and fire departments are dangerous and prone to cause disabling injury rather than inferring that the large number of retirees with disabilities implied that the disabilities were not legitimate. Undoubtedly, at least some police officers and firefighters were retired based on legitimate disabilities. The court should have made individual inquiries into the actual basis for the benefits received by these particular

plaintiffs. Although disability retirement may have been granted under a "flawed" standard for determining disability, the possible flaw of using department entrance tests to determine employees' disabilities does not require us to hold that every employee retired under that test was not in actuality disabled. Such a holding would foster the absurdity of pronouncing retired employees nondisabled despite the contrary evidence of medical experts and common observation. Although the district court held that there was "no evidence that [Plaintiffs'] injuries caused physical deterioration over time which eventually resulted in them being unable to work," Attach. to Appellants' Br. (Order filed March 28, 1996, at 4), our review of the record reveals that Plaintiffs presented some evidence that their initial injuries caused progressive deterioration that ultimately resulted in an inability to perform their jobs. See Appellants' Supplemental App. at 5, 6, 11, 13, 21, 27, 47, 49. Whether Plaintiffs were granted retirement benefits based on a work-related disability is a disputed question of fact that should have precluded the district court from granting Defendant summary judgment.

Our de novo review of the district court's summary judgment decision reveals that Defendant did not meet the burden required for summary judgment in its favor. Because we cannot hold that no reasonable jury could find that Plaintiffs' pension payments were received as compensation for their injuries, we

reverse the district court's order granting summary judgment to Defendant. We therefore VACATE the district court's judgment and REMAND for a full factual inquiry.

Appellants' Motion to File a Supplemental Appendix is GRANTED, and the judgment is VACATED and REMANDED.