T.C. Summary Opinion 2007-87



UNITED STATES TAX COURT



SANDREA MARYANN AND ROBERT MAYNARD WOEHL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 2735-05S.                    Filed May 29, 2007.



    Glen L. Moss, for petitioners.

    Stephanie M. Profitt, for respondent.



    DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Unless otherwise indicated,
all section references are to the Internal Revenue Code, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.  Pursuant to section 7463(b), the decision to be

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2002 a deficiency of $4,627 in petitioners' Federal income tax. The sole issue for decision is whether petitioner Sandrea Maryann Woehl properly excluded from gross income under section 104(a)(1) a portion of her disability retirement distributions received from the California Public Employees' Retirement System.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Newark, California.

Sandrea Maryann Woehl (petitioner) became employed as a public safety dispatcher by the City of San Leandro Police Department in March of 1972. Upon employment, petitioner became a member of the California Public Employees' Retirement System (CalPERS).

As time progressed, petitioner developed diabetes. On January 25, 2000, petitioner was placed on administrative leave because of her illness. Petitioner subsequently sent an application to CalPERS to request disability retirement, and she underwent a medical examination to verify her eligibility. Petitioner's medical report noted that "job stress contributs

[sic] to uncontrollable diabetes". Petitioner retired and received disability retirement benefits from CalPERS effective August 1, 2000.

During 2002, petitioner received distributions of $49,639 from CalPERS (distributions). The distributions were not designed to reimburse petitioner for any medical expenses. The parties stipulated that the distributions were characterized as disability retirement benefits based on petitioner's diabetic condition. The parties further stipulated that the distributions were based on factors such as the length of her employment with the City of San Leandro and the last position she held while employed by the city.

CalPERS issued to petitioner a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2002. The Form 1099-R reported that petitioner received in 2002 total distributions of $49,638.68, consisting of a taxable amount of $48,725.72 and employee contributions or insurance premiums of $912.96. Petitioners filed for 2002 a joint Form 1040, U.S. Individual Income Tax Return, reporting only half, or $24,819, of the total distributions as taxable.

Petitioner currently has a proceeding pending before the Worker's Compensation Appeals Board in California challenging the nature of the distributions.

Respondent subsequently issued to petitioners a statutory notice of deficiency determining that all the distributions, except for the portion attributable to employee contributions or insurance premiums, were taxable.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[1]  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Gross income includes all income from whatever source derived, unless excludable by a specific provision of the Internal Revenue Code.  Sec. 61(a).  The Supreme Court has held that section 61 reflects Congress's intent to use the full measure of its taxing power.  Helvering v. Clifford, 309 U.S. 331, 334 (1940).  Therefore, statutes granting tax exemptions should be strictly construed.  Kane v. United States, 43 F.3d 1446, 1449 (Fed. Cir. 1994).

Section 104(a)(1) provides that gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness".  The regulations expand the scope of section 104(a)(1) to exclude also from gross income amounts received under "a statute in the nature of a

---

[1]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  This Court concludes that sec. 7491 does not apply because petitioner has not produced any evidence that establishes the preconditions for its application.

workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Sec. 1.104-1(b), Income Tax Regs. The regulations also provide that section 104(a)(1) "does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness." Sec. 1.104-1(b), Income Tax Regs.

Respondent argues that pursuant to section 1.104-1(b), Income Tax Regs., the distributions are not excludable from gross income under section 104(a)(1) because petitioner has stipulated that the distributions in this case were determined with reference to petitioner's length of service. Respondent contends that Benjamin v. Commissioner, T.C. Memo. 1993-575, is directly on point.

In Benjamin, the taxpayer was an accountant employed by the State of California who incurred a medical disability in the course and scope of his employment. Benjamin v. Commissioner, supra. The taxpayer was subsequently forced to retire, and CalPERS determined that he was eligible for disability retirement. Although the taxpayer reported the benefit payments that he received from CalPERS on his return, he failed to include them in his gross income. This Court relied on section 1.104-

1(b), Income Tax Regs., and concluded that the benefits received by the taxpayer in <u>Benjamin</u> were not excludable from gross income because the benefits were made with reference to the taxpayer's length of service.

The Court agrees with respondent.  Since petitioner stipulated that the distributions were made with reference to her length of service with the City of San Leandro, under section 1.104-1(b), Income Tax Regs., the distributions are not excludable from gross income.

Petitioner argues that the distributions nevertheless qualify for exclusion from gross income because they were made under Cal. Govt. Code (West 2003), section 21151.  Petitioner contends that Cal. Govt. Code section 21151 is akin to a worker's compensation because it conditions eligibility for benefits on the existence of a work-related injury or sickness, called "industrial disability" under the California statute, without regard to age or amount of service.  "Industrial" in this context means disability or death as a result of injury or disease arising out of and in the course of employment.  See Cal. Govt. Code sec. 20046 (West 2003).

Cal. Govt. Code sec. 21151 (West 2003), in pertinent part, provides:

> Section 21151. Patrol, state safety, state industrial, state peace officer/firefighter, or local safety members; local or state miscellaneous members

(a) any patrol, state safety, state industrial, state peace officer/firefighter, or local safety member incapacitated for the performance of duty as the result of an industrial disability shall be retired for disability, pursuant to this chapter, regardless of age or amount of service.

Petitioner, however, has not provided any evidence to show that the distributions were indeed made under Cal. Govt. Code section 21151. Respondent contends that petitioner received the distributions under Cal. Govt. Code sec. 21150 (West 2003) which awards benefits with reference to the employee's years of State service.

Cal. Govt. Code section 21150, in pertinent part, provides:

Section 21150. Incapacitated member; state service credit; specified election; eligibility

Any member incapacitated for the performance of duty shall be retired for disability * * * if he or she is credited with five years of state service * * *.

Petitioner acknowledges that in order for her to qualify for benefits under Cal. Govt. Code section 21151, she must have an "industrial disability". In fact, petitioner has a proceeding pending before the Worker's Compensation Appeals Board in California to challenge the State's failure to consider the distributions to have been made as a result of an industrial injury. The board, however, has not issued a decision.

At trial, petitioner invited the Court to decide whether the distributions were made as a result of an industrial injury. Petitioner argues that to the extent that this Court finds that

the distributions were paid on account of an industrial injury, they are excludable from gross income under section 104(a)(1).

State law creates legal interests and rights; the Federal revenue acts designate when and how interests or rights, so created, shall be taxed. United States v. Mitchell, 403 U.S. 190, 197 (1971); see also Estate of Posner v. Commissioner, T.C. Memo. 2004-112. The Form 1099-R issued by the State of California is evidence that the State determined that petitioner's legal right to the distributions were not from an industrial injury and that the distributions were made under Cal. Govt. Code sec. 21150.

The Court's duty is to ascertain when and how such legal right, i.e., the distributions, will be taxed. See Morgan v. Commissioner, 309 U.S. 78, 80 (1940). Petitioner has not offered any evidence to show why the distributions are not of the type that is taxable. Therefore, the distributions are includable in her gross income. Sec. 61(a).

Petitioner also argues that under Kane v. United States, 43 F.3d 1446 (Fed. Cir. 1994), the California Employees' Retirement Law is in the nature of a workmen's compensation act because it is a "dual-purpose statute" that provides payment for both work-related and non-work related disabilities. Petitioner's argument, however, is unpersuasive. Even if the California Employees' Retirement Law is a "dual purpose statute", petitioner

does not prevail because the Court has found that the distributions were made under Cal. Govt. Code sec. 21150. In other words, the distributions were not awarded solely as a result of injury or sickness arising out of employment. See <u>Kane v. United States</u>, <u>supra</u> at 1450.

Accordingly, this Court sustains respondent's determination that petitioners are not entitled to exclude any taxable portion of the distributions from their gross income under section 104(a)(1).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.