**SIMMS v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11246.

United States Court of Appeals District of Columbia Circuit.

Argued March 24, 1952.

Decided April 3, 1952.

Mr. Irving Wilner, Washington, D.C., with whom Messrs. Keith L. Seegmiller and Ray R. Murdock, Washington, D. C., were on the brief, for petitioner.

Mr. Irving I. Axelrad, Sp. Asst. to Atty. Gen., of the Bar of Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Messrs. Ellis N. Slack, Acting Asst. Atty. Gen., and Lee A. Jackson, Sp. Asst. to Atty. Gen., were on the brief, for respondent.

Messrs. Mason B. Leming, Acting Chief Counsel, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, also entered appearances for respondent.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Petitioner Joseph B. Simms seeks reversal of a decision of the Tax Court of the United States to the effect that he owes a deficiency of income tax for the year 1945 in the sum of $572.71. His position is that the income which resulted in the tax was in legal contemplation received for physical disability incurred in the line of duty as a member of the Fire Department of the District of Columbia. Accordingly, he contends, it was no part of his taxable income because Section 22(b)(5) of the Internal Revenue Code, 53 Stat. 9 (1939), as amended, 26 U.S.C. § 22(b)(5) (1946), 26 U.S.C.A. § 22 (b)(5), exempts amounts received "under workmen's compensation acts, as compensation for personal injuries or sickness." The respondent, Commissioner of Internal Revenue, ruled that the income was paid to petitioner as a result of his retirement for age and not for disability. If this is right there is no controversy the deficiency is due. The Tax Court agreed with the Commissioner that petitioner was retired for age and therefore his retirement pay is not attributable to disability.

The District of Columbia Code, § 4 – 501– 517, D.C.Code (1940), as amended, Supp. VII (1949), provides that firemen may be retired with compensation to be paid from the Policemen and Firemen's Relief fund (1) by reason of permanent disability incurred in line of duty, or (2) after twenty-five years' service, under certain conditions, or, (3) having reached the age of sixty years, in the discretion of the Commissioners.

Petitioner was retired under an order of the Board of Commissioners of the District, dated January 31, 1942, reciting that he and others of the Fire Department,

"having reached or passed the age of 64 years" are retired, and "are granted relief * * * payable from the Policemen and Firemen's Relief of the District of Columbia * * *." Petitioner's relief was stated to be the sum of $187.50 per month, which petitioner states was 50% of his salary, in which event it was the maximum permitted by law. § 4–507, D.C.Code (1940). On April 20, 1948, the Commissioners by a further order recited that at the time of his retirement petitioner, and others, "were suffering from physical disabilities which were incurred in the line of duty to such an extent that had they not been retired when they were, for age, they would have been retired for physical disability incurred in the line of active Fire Department duty * * *." It appears independently that prior to retirement petitioner had suffered physical disability in line of duty. The extent of this disability, however, except that it was permanent, has never been ascertained or translated by administrative action into an award of compensation or retirement pay for disability. See footnote 1, infra.

Notwithstanding that both the 1942 and 1948 orders make clear that petitioner was retired not for disability but for age, he contends that since he had become permanently disabled it was the duty of the Commissioners to retire him for disability under § 4–507, D.C.Code (1940).[1] Therefore, he continues, a vested right to disability retirement accrued and the determination made in connection with his retirement that he should receive 50% of his salary is in legal effect an award of that amount for disability. We are unable to accept this view for two reasons. In the first place there has been no determination by the Commissioners of the extent of disability as a basis for fixing an amount of relief for disability. See Waller v. United States, 1950, 86 U.S.App.D.C. 93, 180 F.2d 194,

16 A.L.R.2d 1328. In the second place, even though, as petitioner argues, the Federal authorities are not bound by the interpretation of the situation made by the District authorities, namely, that he was retired for age, nevertheless it is our view that the correct interpretation for Federal purposes is that petitioner was retired for age. Therefore the income he received as a consequence was not paid to him "under workmen's compensation acts, as compensation for personal injuries or sickness," Section 22(b)(5), supra, and is not excludable from his gross income in the process of arriving at his Federal income tax.

Affirmed.

---

[1]. This section reads in pertinent part:

"Whenever any member of the * * * fire department of the District of Columbia shall become so permanently disabled through injury received or disease contracted in the line of duty as to incapacitate him for the performance of duty * * *, he shall * * * be retired from the service thereof and be entitled to receive relief from the said policemen and firemen's relief fund, District of Columbia, in an amount not to exceed 50 per centum per year of the salary received by him at the date of retirement. * * *"