RAYMOND J. CURCIO AND ERMA M. CURCIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Curcio v. Commissioner
Docket No. 10479-81.
United States Tax Court
T.C. Memo 1982-609; 1982 Tax Ct. Memo LEXIS 133; 44 T.C.M. (CCH) 1450; T.C.M. (RIA) 82609; October 20, 1982. Edward Pesin, for the petitioners. Robert B. Marino, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before us on respondent's motion for partial summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. Petitioners have filed a memorandum opposing the motion. Respondent determined a deficiency of $34,483 in petitioners' Federal income tax for the year 1977. Included in the four adjustments to income made in the notice of deficiency is a claimed Schedule C loss of $36,800 which was disallowed by respondent. It is this disallowance which is involved in the motion for partial summary judgment. The legal issue presented is whether the petitioners, who elected on their Schedule C to depreciate under the income forecast method the value *134 of a literary work, are entitled to deduct depreciation of $36,800 when their joint Federal income tax return reported no actual income from such activity in 1977. The facts are not in dispute. The Schedule C loss claimed by petitioners was generated solely by the deduction of depreciation in the amount of $36,800. For the taxable year 1977 petitioners filed their joint Federal income tax return which contained a Schedule C (Profit or (Loss) from Business or Profession) reporting the following information: Principal Business Activity: Sales Product: Literary Work Method of Accounting: Cash Gross Receipts and Total Income: None Depreciation: $36,800 Net Loss: $36,800 How many months did you own this business?: Four Months On Schedule C-2 petitioners reported the following additional information: Description of Property: Literary Work Cost of Other Basis: $73,600 Method of Computing Depreciation: Income Forecast Depreciation for This Year: $36,800 Section 167 provides that there shall be allowed as a depreciation deduction a reasonable allowance for exhaustion, wear and tear of (1) property used in the trade or business or (2) property held for the production *135 of income. One of the methods of depreciation allowed in certain instances, such as films and literary works, is the income forecast method. See Rev. Rul. 60-358, 1960-2 C.B. 68, amplified by Rev. Rul. 64-273, 1964-2 C.B. 62. This particular method of depreciation computes the current allowance for depreciation by the application of a fraction, the numerator of which is the current year's actual income and the denominator of which is the total anticipated revenue over the life of the intangible, times the asset's cost basis. This Court has accepted the use of the income forecast method to compute depreciation and it has approved the application of the formula set forth in respondent's revenue ruling. Siegel v. Commissioner,78 T.C. 659, 692-693 (1982); Wildman v. Commissioner,78 T.C. 943, 950-951 (1982). Since petitioners generated no actual income from their literary activity in 1977, the numerator of the fraction for the computation of depreciation is zero. Consequently, petitioners are not entitled to deduct any depreciation for 1977. Our opinions in Siegel and Wildman are dispositive of this issue. *136 Accordingly, respondent's motion for partial summary judgment on this issue will be granted. An appropriate order will be issued.