JOHN H. COOPER AND RUTH COOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 13895-82.
United States Tax Court
T.C. Memo 1982-658; 1982 Tax Ct. Memo LEXIS 96; 45 T.C.M. (CCH) 90; T.C.M. (RIA) 82658; November 15, 1982. Edward Pesin, for the petitioners. Robert B. Marino, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined deficiencies in petitioners' Federal income taxes of $36,858 for 1977 and $34,475 for 1978. Included in the adjustment to income for 1977 made in the notice of deficiency is a claimed Schedule C loss of $73,600 which was disallowed by respondent. It is this disallowance which is involved in respondent's motion for partial summary judgment. The legal issue presented is whether the petitioners, who elected on their Schedule C to depreciate under the income forecast method the value of a literary work, are *97 entitled to deduct depreciation of $73,600 when their joint Federal income tax return reported no actual income from such activity in 1977. The facts are not in dispute. The Schedule C loss claimed by petitioners was generated solely by the deduction of depreciation in the amount of $73,600. For the taxable year 1977 petitioners filed their joint Federal income tax return which contained a Schedule C (Profit or (Loss) from Business or Profession) reporting the following information: Principal Business Activity: Sales Product: Literary Work Method of Accounting: Cash Gross Receipts and Total Income: None Depreciation: $73,600 Net Loss: $73,600 On Schedule C-2 petitioners reported the following additional information: Description of Property: Literary Work Cost or Other Basis: $147,200 Method of Computing Depreciation: Income Forecast Depreciation for This Year: $73,600 Section 167 provides that there shall be allowed as a depreciation deduction a reasonable allowance for exhaustion, wear and tear of (1) property used in the trade or business or (2) property held for the production of income. One of the methods of depreciation allowed in certain instances, *98 such as films and literary works, is the income forecast method. See Rev. Rul. 60-358, 1960-2 C.B. 68, amplified by Rev. Rul. 64-273, 1964-2 C.B. 62. This particular method of depreciation computes the current allowance for depreciation by the application of a fraction, the numerator of which is the current year's actual income and the denominator of which is the total anticipated revenue over the life of the intangible, times the asset's cost basis. This Court has accepted the use of the income forecast method to compute depreciation and it has approved the application of the formula set forth in respondent's revenue rulings. Siegel v. Commissioner,78 T.C. 659, 692-693 (1982); Wildman v. Commissioner,78 T.C. 943, 950-951 (1982). Since petitioners generated no actual income from their literary activity in 1977, the numerator of the fraction for the computation of depreciation is zero. Consequently, petitioners are not entitled to deduct any depreciation for 1977. Our opinions in Siegel and Widman are dispositive of this issue. Accordingly, we will grant respondent's motion for partial summary judgment *99 on this issue. The deficiency determined for the year 1978 remains in controversy and must be separately adjudicated. Therefore, An appropriate order will be issued.