WALLACE HILLS AND DOLORES HILLS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hills v. Commissioner
Docket No. 15843-81.
United States Tax Court
T.C. Memo 1983-286; 1983 Tax Ct. Memo LEXIS 503; 46 T.C.M. (CCH) 221; T.C.M. (RIA) 83286; May 24, 1983. Wallace Hills and Dolores Hills, pro se. Lewis R. Mandel and Barbara G. Whitaker, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Partial Summary Judgment filed herein. After a review of the record we agree with and adopt his opinion which is set forth below. [1]
*504 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment filed on March 30, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on April 3, 1981, determined a deficiency in petitioners' Federal income tax for the taxable calendar years 1976, 1977 and 1978 in the respective amounts of $4,055.00, $1,788.00 and $534.00. The issues for decision herein are (1) whether petitioners are entitled to a deduction for depreciation under section 167 [3] for 1977 and 1978 with respect to a motion picture entitled "On the Comet" and (2) whether petitioners are entitled to an investment credit for 1976 under section 38 with regard to their investment in the motion picture or whether the credit is denied by section 48. Petitioners' resided at 12 Audobon Street, Lake Ronkonkoma, New York on the date their petition was filed. They filed joint 1976, *505 1977 and 1978 Federal income tax returns with the Internal Revenue Service. The petition was filed on July 1, 1981 and respondent filed his answer on August 28, 1981. Hence, the pleadings are closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. The facts are not in dispute. Pennington Associates (Pennington), a limited partnership in which petitioner Wallace W. Hills is a partner, was formed on or about July 31, 1976 to distribute a motion picture entitled "On the Comet", which was filmed and produced entirely in Czechoslovakia in 1975. None of its production costs is allocable to the United States. Pennington acquired its interest in "On the Comet" on or about August 2, 1976 from Yitka Kozak. Pennington, on its 1976 Federal Partnership return reported gross receipts or sales of $600, ostensibly from "On the Comet", and it reported no gross receipts or sales attributable to said motion picture on its 1977 and 1978 returns. [4]
Pennington, in claiming losses of $197,871 and $49,854 on its *506 1977 and 1978 returns, used the income forecasting method of depreciation. It used a cost basis of $525,000 with a useful life of 7 years in claiming depreciation deductions in 1977 and 1978 in the respective amounts of $199,416 and $49,854. Petitioners, while reporting no actual income from their motion picture activity, claimed their proportionate share (4.9%) of these amounts as losses on their 1977 and 1978 joint returns. Section 167 provides that there shall be allowed as a depreciation deduction a reasonable allowance for exhaustion, wear and tear of (1) property used in the trade or business or (2) property held for the production of income. One of the methods of depreciation allowed in certain instances, such as films and literary works, is the income forecast method. See Rev. Rul. 60-358, 1960-2 C.B. 68, amplified by Rev. Rul. 64-273, 1964-2 C.B. 62. This specific method of depreciation computes the current allowance for depreciation by the application of a fraction, the numerator of which is the current year's actual income and the denominator of which is the total anticipated revenue over the life of the intangible, times the asset's cost *507 basis. [5]
This Court has previously accepted the use of the income forecast method of computing depreciation and we have approved the application of the formula set forth in respondent's revenue rulings. Siegel v. Commissioner,78 T.C. 659, 692-693 (1982); Wildman v. Commissioner,78 T.C. 943, 950-951 (1982); Nabakowski v. Commissioner,T.C. Memo. 1982-743. Since petitioners generated no actual income from their motion picture activity in either 1977 or 1978, the numerator of the fraction for the computation of depreciation is zero. Such being the case, they are entitled to no depreciation deduction for the film "On the Comet" in 1977 and 1978. We next turn to the investment credit issue. Section 48(k)(4) provides that only "qualified United States production costs" be used to determine qualified investment under section 46(c)(1). Section 48(k)(5)(A) defines qualified United States Production Costs to be-- (i) direct production costs allocable to the United States, plus (ii) if *508 80 percent or more of the direct production costs are allocable to the United States, all other production costs other than direct production costs allocable outside the United States. Here, "On the Comet" was filmed and produced entirely in Czechoslovakia in 1975. None of the film's production costs are allocable to the United States. Accordingly, petitioners are not entitled to an investment credit for 1976. Wildman v. Commissioner,supra at 954 and Nabakowski v. Commissioner,supra.
Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. Here, *509 respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact with respect to the depreciation issue for 1977 and 1978 and the investment credit issue for 1976 and, therefore, he is entitled to a decision as a matter of law with respect to those issues. Accordingly, respondent's Motion for Partial Summary Judgment will be granted. An appropriate order will be issued.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on May 11, 1983. No appearance was made by or on behalf of petitioners nor was a response to respondent's motion filed, albeit a copy thereof with attachments and a copy of respondent's affidavits with attachments together with a copy of the Court's Notice of Hearing were served on them by the Court on March 31, 1983. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. While $2,640 of income is reported on its 1977 return, said amount is attributable solely to interest.↩
5. See Cooper v. Commissioner,T.C. Memo. 1982-658, and Curcio v. Commissioner,T.C. Memo. 1982-609↩.