MURRAY LAZAR AND RODLEY LAZAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lazar v. Commissioner
Docket No. 6470-82.
United States Tax Court
T.C. Memo 1983-383; 1983 Tax Ct. Memo LEXIS 406; 46 T.C.M. (CCH) 636; T.C.M. (RIA) 83383; June 28, 1983. Joseph I. Kazarnovsky, for the petitioners. Alan H. Kaufman and Robert Hollohan, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Partial Summary judgment filed herein. After a review of the record we agree with and adopt his opinion which is set forth below. [1]
*407 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment filed on April 6, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on December 24, 1981, determined a deficiency in petitioners' Federal income tax for the taxable calendar years 1976 and 1977 in the respective amounts of $6,019.00 and $28,721.00.
The issue for decision herein is whether petitioners are entitled to a deduction for depreciation under section 167 [3] for 1976 with respect to a master recording entitled "That Special Feeling". Petitioners' resided at 49 McArthur Lane, Smithtown, New York on the date their petition was filed. They filed a joint 1976 Federal income tax return with the Internal Revenue Service. The petition was timely filed on March 23, 1982 and respondent filed his answer on May 6, 1982. Hence, the pleadings are closed. Respondent's motion *408 was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121.
The facts are not in dispute. In 1976 petitioners acquired a master recording entitled "That Special Feeling". On Schedule E attached to their 1976 return, petitioners reported the following information: Part II, Rent and Royalty Income: Property No. 1: Master Recording Income: None Depreciation: $857 Net Loss: $857 [4]
On the Schedule for Depreciation claimed in Part II, petitioners reported the following additional information: Description of Property: Master Recording Date acquired: 1976 Cost or other basis:
$87,500 Less salvage value:
[1,750]
$85,750 Depreciation allowed or allowable in prior years: None Method of computing depreciation: Income Forecast Life or rate: 6 years Depreciation for this year: $857 Section 167 provides that there shall be allowed as a depreciation deduction a reasonable allowance for exhaustion, wear and tear of (1) property used in the trade or business or (2) property held for the production of income. One of the methods of *409 depreciation allowed in certain instances, such as master recordings, films and literary works, is the income forecast method. See Rev. Rul. 60-358, 1960-2 C.B. 68, as amplified by Rev. Rul. 64-273, 1964-2 C.B. 62 and Rev. Rul. 79-285, 1979-2 C.B. 91. This specific method of depreciation computes the current allowance for depreciation by the application of a fraction, the numerator of which is the current year's actual income and the denominator of which is the total anticipated revenue over the life of the intangible, times the asset's cost basis. See Cooper v. Commissioner,T.C. Memo. 1982-658, and Curcio v. Commissioner,T.C. Memo. 1982-609. This Court has previously accepted the use of the income forecast method of computing depreciation and we have approved the application of the formula set forth in respondent's revenue rulings. Siegel v. Commissioner,78 T.C. 659, 692-693 (1982), and Wildman v. Commissioner,78 T.C. 943, 950-951 (1982). See Nabakowski v. Commissioner,T.C. Memo. 1982-743. Since petitioners generated no actual income from their *410 master recording activity in 1976, the numerator of the fraction for the computation of depreciation is zero. Such being the case, they are entitled to no depreciation deduction for the master recording "That Special Feeling" in 1976. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. Here, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact with respect to the depreciation issue for 1976 and, therefore, he is entitled to a decision as a matter of law with respect to that issue. Accordingly, respondent's Motion for Partial Summary Judgment *411 will be granted. An appropriate order will be issued.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on May 25, 1983. No appearance was made by or on behalf of petitioners nor was a response to respondent's motion filed, albeit a copy thereof and a copy of respondent's affidavit with attachment together with a copy of the Court's Notice of Hearing were served on petitioners' counsel by the Court on April 8, 1983. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section reference are to the Internal Revenue Code of 1954, as amended.↩
4. Respondent, in his deficiency notice, has disallowed this claimed loss.↩