FREDERICK W. BECK AND DORIS JEAN BECK, [1] et al., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent. Beck v. Commissioner
Docket Nos. 27527-82, 2371-83, 2440-83, 2456-83, 2478-83, 2501-83.
United States Tax Court
T.C. Memo 1984-279; 1984 Tax Ct. Memo LEXIS 394; 48 T.C.M. (CCH) 162; T.C.M. (RIA) 84279; May 24, 1984. Edward A. Vrooman, for the petitioner. Brian Masumoto, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: These cases are before the Court on respondent's motion for partial summary judgment pursuant to Rule 121. [2] Respondent determined deficiencies in petitioners' 1975 Federal income taxes as follows: [3]
Docket Nos.
Amount of Deficiency
27527-82
$8,581.11
2371-83
19,980.00
2440-83
22,527.56
2456-83
34,170.00
2478-83
23,921.72
2501-83
196,689.00
*395 The sole issue for determination on the present motion is whether a partnership in which petitioner Frederick W. Beck was a partner is entitled to a deduction for depreciation under section 167 with respect to a motion picture entitled "The Man in the Trunk." Petitioners Frederick and Doris Beck resided in Greenwich, Connecticut, when they filed their petition in this case and when they filed their joint 1975 Federal income tax return with the Internal Revenue Service Center at Hartford, Connecticut. Petitioners John and Kathe Dyson resided in Millbrook, New York, when they filed their petition in this case and when they filed their joint 1975 Federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. Petitioners Robert and Emilie Dyson resided in Pleasant Valley, New York, when they filed their petition in this case and resided in Poughkeepsie, New York, when they filed their joint 1975 Federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. Petitioner Anne Dyson resided in Beloit, Wisconsin, when she filed her petition in this case and resided in Millbrook, New York, when she filed her individual 1975 *396 Federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. Petitioners John and Darlene Moran resided in Scarsdale, New York when they filed their petition in this case and when they filed their joint 1975 Federal income tax return with the Internal Revenue Service Center at Holtsville, New York. Petitioners Charles and Margaret Dyson resided in New York, New York, when they filed their petition in this case and resided in Scarsdale, New York, when they filed their joint 1975 Federal income tax return with the Internal Revenue Service Center at Holtsville, New York. Petitioner Frederick Beck is a partner of The Valise Company, ("Valise"), a limited partnership. In November 1975, Valise purchased from Societte Nouvelle Des Establissements Gaumont the exclusive rights to distribute, exhibit, and exploit a motion picture entitled "The Man in the Trunk". Valise acquired this property by making a cash payment of $57,121.00 and signing a nonrecourse promissory note for $737,879.00, payable only from the distribution proceeds of the film. Valise entered into a distribution agreement with Goldstone Film Enterprises, Inc. In December 1975, the film *397 was exhibited at three theaters in New York, New York and one theater in Memphis, Tennessee. The film was shown for no more than six days at any of the four theaters. Valise received no income in 1975 from the film's distribution. Valise employed the cash method of accounting during 1975. On its 1975 return, Valise claimed $795,000.00 as a deduction for depreciation of the film under the income forecast method. The amount of the deduction equaled the total of the cash payment and promissory note signed to purchase the film. The deduction is characterized as depreciation on the first page of Valise's Form 1065 return, on Schedule L, and in an attached statement citing Rev. Rul. 60-358, 1960-2 C.B. 68, amplified by Rev. Rul. 64-273, 1964-2 C.B. 62, as authority for using the income forecast method. As outlined by Rev. Rul. 60-358, under the income forecast method, depreciation under section 167 is calculated by multiplying the property's basis for depreciation by a fraction. The numerator of this fraction is the income derived from the property during the taxable year, and the denominator is the estimated total income to be derived from the *398 property. Valise showed no numerator or denominator in making its depreciation calculation for the return. Respondent disallowed the deduction for depreciation. It is respondent's position that, where a partnership has received no income, the correct numerator to be used is zero, the partnership cannot claim a depreciation deduction under the income forecast method, and, as a result, the deductions which flow through the partnership to its partners are not allowable. In a futile attempt to salvage the loss from this tax shelter, petitioners argue that Valise did not elect the income forecast method. They now assert that Valise decided that the film was commercially worthless and wrote off the entire cost of the film as an expense deduction. Valise's return, however, clearly claims the deduction as depreciation, not as an expense.Petitioners' transparent attempt to avoid the partial summary judgment motion fails to raise a genuine issue of fact. The parties agree that Valise received no income during the taxable year in issue. Therefore, the correct numerator to be used in the fraction for each year is zero. By application of the zero-numerator fraction to the film's basis *399 for depreciation, Valise is not entitled to any depreciation deduction under the income forecast method. Green v. Commissioner,81 T.C. 132, 138 (1983); Wildman v. Commissioner,78 T.C. 943, 951 (1982); Siegel v. Commissioner,78 T.C. 659, 693 (1982). Because Valise had no allowable deduction for depreciation, no deduction flows through to the petitioners. Thus, we find that there is no genuine issue as to any material fact regarding depreciation. Accordingly, partial summary judgment for the respondent is granted as a matter of law. Rule 121(b). We have considered petitioners' other arguments and find them unpersuasive. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Pursuant to an order of this Court dated December 1, 1983, cases of the following petitioners are consolidated herewith for this motion for partial summary judgment: Frederick W. Beck and Doris Jean Beck, Docket No. 27527-82; John S. Dyson and Kathe B. Dyson, Docket No. 2371-83; Robert R. Dyson and Emilie B. Dyson, Docket No. 2440-83; Anne E. Dyson, Docket No. 2456-83; John A. Moran and Darlene W. Moran, Docket No. 2478-83; and Charles H. Dyson and Margaret M. Dyson, Docket No. 2501-83.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue. ↩
3. Respondent also determined definciencies for 1976 in three of the docketed cases. Those deficiencies are not before us in this motion.↩