T.C. Memo. 2000-47

UNITED STATES TAX COURT

ABC RENTALS OF SAN ANTONIO, INC., ET AL.,[1] Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20689-91, 20690-91,     Filed February 10, 2000.
            20691-91.

John R. Gerdes, for petitioners.

Edith F. Moates, for respondent.

MEMORANDUM OPINION

HAMBLEN, Judge:  This matter is before the Court on

petitioners' motion for award of litigation and administrative

---

[1]Cases of the following petitioners are consolidated
herewith: David R. Peters and Diana L. Peters, docket No. 20690-
91; and John P. Parsons and Melba R. Parsons, docket No. 20691-
91.

costs pursuant to section 7430[2] and Rule 231.  Unless otherwise
indicated, all section references are to the Internal Revenue
Code, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

Neither party requested a hearing, and we see no reason for
an evidentiary hearing on this matter.  Accordingly, we rule on
petitioners' motion on the basis of the parties' submissions and
the existing record.  See Rule 232(a).

## Background

The respective petitions in the underlying case were filed
on September 13, 1991.  The cases were then consolidated and were
submitted fully stipulated pursuant to Rule 122.[3]  Petitioners

---

[2]References to sec. 7430 in this opinion are to that section
before it was amended by the Taxpayer Bill of Rights 2, Pub. L.
104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective
with respect to proceedings commenced after July 30, 1996.  The
amendments to that section shift to the Commissioner the burden
of proving that the position of the United States was
substantially justified.  See sec. 7430(c)(4)(B).

A judicial proceeding is commenced in this Court with the
filing of a petition.  See Rule 20(a).  Petitioners filed their
respective petitions on Sept. 13, 1991.  Accordingly, the 1996
amendments to sec. 7430 are not applicable here.  See Maggie
Management Co. v. Commissioner, 108 T.C. 430 (1997).

[3]The following cases were consolidated for purposes of
trial, briefing, and opinion by this Court on Jan. 27, 1992:

| Petitioner | Docket No. |
| --- | --- |
| ABC Rentals of San Antonio, Inc. | 20689-91 |
| David R. Peters and Diana L. Peters | 20690-91 |
| John P. Parsons and Melba R. Parsons | 20691-91 |
| El Charro TV Rental, Inc., Diana L. Peters, Tax Matters Person | 24840-91 |

operated commercial enterprises, which rented consumer durables (appliances, furniture, televisions, stereos, and video cassette recorders) under rent-to-own leases to individuals.

In ABC Rentals, Inc. v. Commissioner, T.C. Memo. 1994-601 (ABC Rentals I), we determined that petitioners failed to demonstrate that the consumer durables, leased in their rent-to-own businesses, constitute property which is properly depreciable under the income forecast method of depreciation. That opinion was appealed to both the Fifth Circuit and the Tenth Circuit. El Charro TV Rental, Inc., appealed to the Court of Appeals for the Fifth Circuit. The Court of Appeals for the Fifth Circuit affirmed our decision without published opinion. See ABC Rentals, Inc. v. Commissioner, T.C. Memo. 1994-601, affd. without published opinion sub nom. El Charro TV Rental, Inc. v. Commissioner, 79 F.3d 1145 (5th Cir. 1996).

Petitioners in the instant case[4] appealed to the Tenth

---

[4]During the taxable periods at issue in the underlying case, Guaranteed Rental Systems, Inc. (Guaranteed), was an S corporation and all of its adjustments flowed directly through to the shareholders' tax returns and were reflected in the deficiencies shown in docket Nos. 20690-91 and 20691-91. For the fiscal year ending May 31, 1987, ABC Rentals of San Antonio, Inc. (ABC) was a C corporation, and the notice of deficiency in docket No. 20689-91 related to deficiencies during that fiscal year only. Thereafter, ABC applied for and was granted S corporation status. For the tax period ending Dec. 31, 1987, and the tax year ending Dec. 31, 1988, ABC was a non-TEFRA S corporation, and all of ABC's adjustments flowed through to its sole shareholder, John P. Parsons, and were reflected in the deficiencies shown in docket No. 20691-91.

Circuit. The Court of Appeals for the Tenth Circuit concluded in
ABC Rentals, Inc. v. Commissioner, 142 F.3d 1200 (10th Cir.
1998), revg. and remanding T.C. Memo. 1994-601, that section
168(f)(1) does not preclude use of the income forecast method for
property like petitioners' rent-to-own inventory. Since we
determined that petitioners' rental units could not be
depreciated using the income forecast method and did not reach
respondent's other arguments, the Court of Appeals directed us to
determine on remand:

> whether taxpayers made a proper election under
> section 168(f) and, if so, whether they improperly
> applied the income forecast method because they
> did not accurately forecast the income expected
> over the life of the assets and did not make an
> adjustment for salvage value.

ABC Rentals, Inc. v. Commissioner, 142 F.3d at 1211.

In ABC Rentals, Inc. v. Commissioner, T.C. Memo. 1999-14
(ABC Rentals II), we held that Guaranteed Rental Systems, Inc.
(Guaranteed), failed to make a proper election of the income
forecast method for its taxable year ending December 31, 1987,
and that ABC Rentals of San Antonio, Inc. (ABC), failed to make a
proper election for its taxable year ending May 31, 1987. We
held further that ABC made a proper election for its short
taxable period ending December 31, 1987, since it substantially
complied with the election requirements for this short taxable
period. For rental units placed in service during taxable years
ending in 1988, the parties had stipulated that both Guaranteed

and ABC properly elected out of MACRS under section 168(f)(1).

Furthermore, in ABC Rentals II, since the parties stipulated as to the estimate of income expected over the life of the rental property, and this estimate was borne out by petitioners' experience, and since they stipulated that 1991-92 data did not vary materially from the years in question, we held that in this situation petitioners did accurately forecast the income expected over the life of the rental property.  In addition, since the salvage value was inconsequential and since the parties stipulated that 1991 and 1992 data did not vary materially from 1987 and 1988 data, we held that under those circumstances petitioners did not have to make an adjustment to the rental units' costs for salvage value.

Discussion

## I.   Section 7430 Overview

Section 7430 provides for the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  An award of administrative or litigation costs may be made where the taxpayer: (1) Is the "prevailing party", (2) exhausted available

administrative remedies,[5] (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed reasonable administrative and litigation costs. See sec. 7430(a), (b)(1), (4), (c). These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioners. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

To be a "prevailing party", a taxpayer must show that (1) the position of the United States in the proceeding was not substantially justified, (2) the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue(s) presented, and (3) the taxpayer satisfied the net worth requirement. See sec. 7430(c)(4).[6]

After concessions,[7] the issues for decision are: (1) Whether the position of the United States in the proceeding was not substantially justified; (2) whether petitioners substantially prevailed with respect to the most significant issues presented;[8]

---

[5]This requirement does not apply to an award for reasonable administrative costs. See sec. 7430(b)(1).

[6]See supra note 2.

[7]Respondent has conceded that petitioners satisfied the net worth requirement, that petitioners have exhausted available administrative remedies, and that petitioners have not unreasonably protracted the court or the administrative proceedings.

[8]Because petitioners do not assert that they have substantially prevailed with respect to the amount in controversy, we do not address this issue.

and (3) whether the amounts of administrative and litigation costs claimed by petitioners are reasonable.

Because we hold that respondent's position was substantially justified, we need not consider respondent's alternative arguments that petitioners did not substantially prevail with respect to the most significant issues presented and that the administrative and litigation costs requested by petitioners are not reasonable.

II. <u>Substantial Justification</u>

The "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative and judicial proceedings. See sec. 7430(c)(7). The term "position of the United States" for purposes of administrative costs means the position taken in an administrative proceeding as determined as of the earlier of the date of the receipt by the taxpayer of the notice of decision by the Internal Revenue Service (IRS) Office of Appeals or the date of the notice of deficiency. See sec. 7430(c)(7)(B). In view of the fact that there was no notice of decision from the IRS Office of Appeals, we look to the date of the notice of deficiency.

The "position of the United States" for purposes of litigation costs refers to the position of the United States in a judicial proceeding. See sec. 7430(c)(7)(A). A judicial proceeding in this Court is commenced with the filing of a

petition.  See Rule 20(a).  Generally, respondent initially takes a position in the litigation on the date he files the answer in response to the petition.  See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144; Han v. Commissioner, T.C. Memo. 1993-386.

The Commissioner's position is substantially justified if that position could satisfy a reasonable person and if it has a reasonable basis in both fact and law.  See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Sher v. Commissioner, 89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  The determination of reasonableness is based on all of the facts and circumstances surrounding the proceeding and the legal precedents relating to the case.  See Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 694-695 (1990).  A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Pierce v. Underwood, supra at 565.  A position is substantially justified in law if legal precedent substantially supports the Commissioner's position given the facts available to the Commissioner.  See Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688.  Determining the reasonableness of the Commissioner's position and conduct requires considering what the Commissioner knew at the time.  See Rutana v. Commissioner,

88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The Commissioner's position can be justified even if ultimately rejected by the Court. See Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993). The fact that the Commissioner eventually loses on the merits or concedes a case is not determinative of whether a taxpayer is entitled to reasonable litigation and administrative costs. See Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

We now consider whether respondent's position was substantially justified. We must look at all facts and circumstances as well as the legal precedents relating to the case, bearing in mind that petitioners bear the burden of proof. See Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 694-695. The issues for decision in the underlying case pertained to the use of the income forecast method of depreciation for rental units utilized in rent-to-own businesses. Respondent's position in the notice of deficiency was that the income forecast method of depreciation was not an approved method for depreciating assets other than television films, taped shows for reproduction of motion picture films, sound recordings, and other property of similar character. Respondent further contends in the notice of deficiency that the rental units on which petitioners have used the income forecast method of depreciation

do not meet the test for being similar in character to property for which the income forecast method of depreciation has been approved. Additionally, respondent contends in the notice of deficiency that in the event it is held that the assets on which petitioners have claimed the income forecast method of depreciation qualify for that method, a proper election has not been made under section 2.10 of Rev. Proc. 87-57, 1987-2 C.B. 687, and the method is not allowed.

Respondent took the position in the judicial proceeding that: (1) The income forecast method of depreciation is not a valid method of depreciation to depreciate tangible personal property of the type utilized in petitioners' rent-to-own businesses (i.e., furniture, appliances, televisions, stereo equipment, and video tape recorders); (2) petitioners failed to file elections pursuant to section 168(f)(1) to change their method of depreciation to the income forecast method for the assets placed in service for taxable years ending in 1987; (3) petitioners improperly applied the income forecast method when calculating depreciation deductions because petitioners failed to forecast the income to be received from the assets being depreciated and failed to make a reasonable adjustment for salvage value of the assets being depreciated. Thus, in the present case we need not consider two separate positions because there is no indication that respondent's position changed or that

respondent became aware of any additional facts that rendered his position any more or less justified between the issuances of the notices of deficiency and the filing of the answer to the petitions.

Respondent contended that only property whose economic usefulness cannot be adequately measured by its physical condition or the passage of time and that may produce an uneven stream of income is properly depreciated under the income forecast method. Respondent's position was based on the reasoning of Rev. Rul. 60-358, 1960-2 C.B. 68. In that ruling, the Commissioner determined that the usefulness of a television film was more adequately measured by reference to the income it produced than by the passage of time alone. The ruling explicitly stated that the income forecast method was "limited in its application to television films, taped shows for reproduction, and other property of similar character." Rev. Rul. 60-358, 1960-2 C.B. at 70 (emphasis added). In later revenue rulings, the Commissioner amplified Rev. Rul. 60-358, 1960-2 C.B. by authorizing the use of the income forecast method to depreciate motion picture films, see Rev. Rul. 64-273, 1964-2 C.B. 62, book manuscripts, patents, and master recordings, see Rev. Rul. 79-285, 1979-2 C.B. 91. These rulings were based on section 167, which was, at the time the rulings were issued, the only provision governing depreciation. In the late 1980's, after

the enactment of section 168, the IRS continued to follow its initial revenue ruling and extended the income forecast method to videocassettes. See Rev. Rul. 89-62, 1989-1 C.B. 78. The revenue rulings were based on the theory that these assets were similar in character to television films.

Respondent's position was also based upon this Court's decision in Carland, Inc. v. Commissioner, 90 T.C. 505 (1988), affd. 909 F.2d 1101 (8th Cir. 1990). In Carland, Inc., we ruled that the income forecast method could not be used to depreciate physical assets whose economic usefulness could adequately be measured by physical condition and the passage of time. On appeal, the Court of Appeals for the Eighth Circuit affirmed our holding that a taxpayer's use of the income forecast method of depreciation for certain leased equipment was improper as it resulted in an unreasonable acceleration of depreciation. See Carland, Inc. v. Commissioner, 909 F.2d 1101 (8th Cir. 1990), affg. 90 T.C. 505 (1988). The Court of Appeals expressly declined to address whether the income forecast method can ever be appropriate for depreciating assets whose usefulness declines over time through normal wear and tear. See id. at 1104. When respondent took his position in the present case, it was consistent with the published revenue rulings and with our decision in the Carland case. Consequently, respondent's position was soundly grounded in law and fact and was accordingly

substantially justified.

This Court ruled that the rent-to-own property involved in these cases was not the kind of property which could be depreciated using the income forecast method of depreciation. See ABC Rentals I.  That opinion was appealed to the Courts of Appeals for both the Fifth Circuit and the Tenth Circuit.  While the Tenth Circuit reversed and remanded, the Fifth Circuit affirmed without published opinion.  See ABC Rentals, Inc. v. Commissioner, T.C. Memo. 1994-601, affd. without published opinion sub nom. El Charro TV Rental, Inc. v. Commissioner, 79 F.3d 1145 (5th Cir. 1996).

III. Conclusion

In view of the foregoing, we find and determine that the position of the United States was not unreasonable and was substantially justified.  Accordingly, we hold that petitioners are not entitled to administrative and litigation costs under section 7430.  Based on this holding, we need not consider respondent's alternative arguments that petitioners did not prevail on the most substantial issue or set of issues presented and that the administrative and litigation costs requested by petitioners are not reasonable.  Petitioners' motion will therefore be denied.

An appropriate order will be issued.