T.C. Memo. 2001-277

UNITED STATES TAX COURT

NEW GAMING SYSTEMS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11597-99, 18726-99.    Filed October 10, 2001.

<u>Spencer T. Malysiak</u>, for petitioner.

<u>Christian A. Speck</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:   These cases are before the Court on
respondent's motion for partial summary judgment under Rule 121.[1]

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
years in issue.

The sole issue is whether petitioner properly elected to opt out of depreciating its rental game equipment under the modified accelerated cost recovery system (MACRS) pursuant to section 168(f)(1).

Background

At the time of the filing of the petitions,[2] petitioner was a corporation that maintained its legal residence in Sacramento, California.  For the periods in issue, petitioner had fiscal years ending March 31, 1994, 1995, and 1996 (the 1994, 1995, and 1996 tax years, respectively).

Petitioner rented electronic gaming equipment to establishments in California.  In each of the tax years in issue, petitioner placed gaming equipment in service.

On its 1994 tax return, petitioner reported on Form 4562, Depreciation and Amortization, amounts on the lines for "GDS and ADS deductions for assets placed in service in tax years beginning before 1993" and "ACRS and other depreciation".  Petitioner did not report any amount on the line for "Property subject to section 168(f)(1) election".

On its 1995 and 1996 tax returns, petitioner again reported amounts on Form 4562 on the lines for "GDS and ADS deductions for

---

[2]  Respondent sent separate notices of deficiency to petitioner, and petitioner filed separate petitions for:  (1) The 1994 tax year and (2) the 1995 and 1996 tax years.  We issued an order consolidating the two cases for trial, briefing, and opinion.

assets placed in service in tax years beginning before 1994" (and "GDS and ADS deductions for assets placed in service in tax years beginning before 1995", respectively) and "ACRS and other depreciation", but not on the line for "Property subject to section 168(f)(1) election".  On its 1995 and 1996 tax returns, however, petitioner attached schedules to the Forms 4562 that included:  (1) A description of the property depreciated; (2) the date acquired; (3) the basis for depreciation; (4) the depreciation allowed in earlier years; (5) the method of figuring depreciation; (6) the life, rate, or recovery period; and (7) the deduction for that year.  On these schedules, petitioner reported that it depreciated its gaming equipment using the straight-line method over a 2-year recovery period.

On July 2, 1999, petitioner filed Forms 1120X, Amended U.S. Corporation Income Tax Return, amending its returns for the 1994, 1995, and 1996 tax years.  In each amended return, petitioner included the following statement:

> As per IRC section 168(f)(1), the Taxpayer opted out of MACRS, and is instead depreciating its gaming equipment under an alternate method of depreciation based upon obsolescence due to a combination of changes in technology, changes in law, market competition, income generation from leasing the equipment, and the average term of the Taxpayer's leases for such equipment.

In the notices of deficiency,[3] respondent determined petitioner's depreciation deductions by using the straight-line method over a 7-year recovery period with a half-year convention.

Discussion

I.   Summary Judgment

Respondent moved for partial summary judgment on the issue of whether petitioner must use MACRS to calculate its depreciation deductions on the gaming equipment.  Respondent argues that petitioner cannot use a 2-year straight-line method to compute its depreciation deductions because petitioner failed to:  (1) Make proper, timely elections to exclude property from MACRS under section 168(f)(1)(A), and (2) use a method of depreciation not expressed in a term of years under section 168(f)(1)(B).

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be entered as a matter of law.  See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

---

[3]  Respondent issued the notices of deficiency on Apr. 2, 1999 (for the 1994 tax year), and Sept. 17, 1999 (for the 1995 and 1996 tax years).  Petitioner filed its petitions at the Tax Court on June 28, 1999 (for the 1994 tax year), and Dec. 20, 1999 (for the 1995 and 1996 tax years).

Petitioner argues that there is a genuine issue of material fact as to how petitioner determined its method of depreciation. Petitioner contends that it did not base its depreciation deductions upon the wear and tear or physical exhaustion of the equipment, but upon outside factors that influenced the equipment's income-producing ability, including the uncertainty of whether California would change its gaming laws with respect to this type of equipment, changes in public taste because of advancements in technology, and petitioner's experience with similar equipment.

We conclude that there is no genuine issue as to any of the material facts regarding the method petitioner used to depreciate its equipment. As reflected on petitioner's tax returns, petitioner depreciated its equipment using a straight-line method over a 2-year period.

## II. The Section 168(f)(1) Election

### A. In General

Deductions are a matter of legislative grace; petitioner has the burden of showing that it is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

The Internal Revenue Code provides taxpayers with a depreciation deduction for the exhaustion, wear and tear, or obsolescence of property used in a trade or business. Sec.

167(a)(1). For tangible property placed in service after December 31, 1986, such deduction is computed under MACRS. Sec. 168(a); Tax Reform Act of 1986, Pub. L. 99-514, secs. 201, 203, 100 Stat. 2085, 2122, 2143. The application of MACRS is mandatory: "Except as otherwise provided in this section, the depreciation deduction provided by section 167(a) for any tangible property <u>shall be determined</u> using (1) the applicable depreciation method, (2) the applicable recovery period, and (3) the applicable convention". Sec. 168(a)(emphasis added). Petitioner, therefore, must use MACRS to depreciate its equipment unless an exception applies.

Section 168(f) provides certain exceptions to the otherwise mandatory provisions of section 168(a). Specifically, property may be excluded from using MACRS if:

> (A) the taxpayer elects to exclude such property from the application of this section, and
> (B) for the 1st taxable year for which a depreciation deduction would be allowable with respect to such property in the hands of the taxpayer, the property is properly depreciated under the unit-of-production method or any method of depreciation not expressed in a term of years * * *.

Sec. 168(f)(1).

Respondent claims that petitioner failed to elect out of MACRS on its original returns pursuant to section 168(f)(1)(A). Further, on this point, respondent argues that petitioner did not make the election timely because petitioner made the election on amended returns after the audit, the issuance of the deficiency

notice, and the filing of the petition disputing the 1994 tax year.

Petitioner argues that it did make a proper election out of MACRS pursuant to section 168(f)(1)(A). Petitioner concedes that it did not comply "exactly" with the requirements of the Code to make the election; however, petitioner contends that it substantially complied with those provisions. Petitioner argues that the Court has allowed elections to be valid in such situations, citing ABC Rentals of San Antonio, Inc. v. Commissioner, T.C. Memo. 1999-14, Taylor v. Commissioner, 67 T.C. 1071 (1977), and Tipps v. Commissioner, 74 T.C. 458 (1980).

The temporary regulations provide the time and manner of making elections pursuant to section 168(f)(1). See sec. 301.9100-7T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3624 (Feb.5, 1987). The election must be made by the later of the due date of the tax return for the first taxable year for which the election is to be effective or April 15, 1987. Sec. 301.9100-7T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3626 (Feb. 5, 1987). In addition, the temporary regulation provides instructions on how to make the election: An election is made by "attaching a statement to the tax return for the taxable year for which the election is to be effective". Sec. 301.9100-7T(a)(3)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3627 (Feb. 5, 1987). The regulation further provides that

such attachment shall include, "Except as otherwise provided in the return or in the instructions accompanying the return": (1) The name, address, and taxpayer identification number of the electing taxpayer, (2) the identification of the election, (3) the section of the Code under which the election is made, (4) the period for which the election is being made and/or the property to which the election is to apply, and (5) any other information required by the statute and necessary to show that the taxpayer is entitled to make the election. Id.

Form 4562 provides a line specifically for taxpayers to report the amount of depreciation taken for "Property subject to section 168(f)(1) election". The instructions for Form 4562 instruct the taxpayer to:

> Report property that you elect, under section 168(f)(1), to depreciate under the unit-of-production method or any other method not based on a term of years (other than the retirement-replacement-betterment method). Attach a separate sheet showing (a) a description of the property and the depreciation method you elect that excludes the property from ACRS or MACRS; and (b) the depreciable basis.

Instructions for Form 4562, Line 17.

If all of the requirements have not been met, an election may still be valid if the taxpayer substantially complied with these requirements. ABC Rentals of San Antonio, Inc. v. Commissioner, T.C. Memo. 1999-14. In ABC Rentals of San Antonio, Inc., the Court held that a taxpayer failed to make a proper election out of MACRS for one year (year 1) when the taxpayer

failed to provide on its attached statement to its tax return the method of depreciation elected, the applicable Code section, the year the rental property was placed in service, and the adjusted basis of the rental property. Id. In addition, for year 1, the taxpayer did not report any amounts on the line of Form 4562 for "Property subject to section 168(f)(1) election"; instead, the taxpayer reported an amount on another line labeled "Other depreciation". Id. With regard to this year, the Court held that the taxpayer did not substantially comply with the requirements of the temporary regulations. Id.

For a different taxable year (year 2), another taxpayer in ABC Rentals of San Antonio, Inc. v. Commissioner, supra, attached a statement to its tax return that provided the type of property being depreciated, the method of depreciation, the year the property was placed in service, and the basis of the property. The taxpayer, however, did not state that the election was being taken under section 168(f)(1) of the Code. Id. The Court held that the absence of the Code section alone did not prevent the taxpayer from substantially complying with the requirements for a section 168(f)(1) election for year 2. Id.

B. The 1994 Tax Year

For the 1994 tax year, we hold that petitioner did not make a valid election under section 168(f)(1)(A) and did not substantially comply with the requirements of the temporary

regulations.  As in <u>ABC Rentals of San Antonio, Inc. v. Commissioner</u>, <u>supra</u>, for year 1, on its original tax return, petitioner failed to provide most of the information required under the temporary regulations, including the method of depreciation elected, the applicable Code section, the year the rental property was placed in service, and the adjusted basis of the rental property.  In addition, as in <u>ABC Rentals of San Antonio, Inc. v. Commissioner</u>, <u>supra</u>, petitioner left blank the line on Form 4562 for "Property subject to section 168(f)(1) election."[4]

C.   <u>The 1995 and 1996 Tax Years</u>

For the 1995 and 1996 tax years, petitioner contends that it substantially complied with the section 168(f)(1)(A) election requirement.  Even if we assume arguendo that petitioner substantially complied with the section 168(f)(1)(A) election requirement, we hold, however, that petitioner did not meet the second test of section 168(f)(1) that requires that the property be "properly depreciated under the unit-of-production method or

---

[4]  As a preliminary matter, petitioner's amended return was untimely for sec. 168(f)(1) purposes.  The temporary regulation provides that the election must be made by the due date of the tax return for the first taxable year for which the election is to be effective, taking extensions into account.  Sec. 301.9100-7T(a)(2)(A), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3626 (Feb. 5, 1987).  Petitioner filed its amended return on July 2, 1999, years after the due date of the original tax return. Therefore, we do not consider petitioner's amended return in determining whether petitioner made an election or substantially complied with the temporary regulation.

any method of depreciation not expressed in a term of years".
Sec. 168(f)(1)(B). Petitioner reported on its tax returns that
it used a straight-line depreciation method over 2 years.
Petitioner deducted 50 percent of the depreciation basis in the
year that the equipment was placed in service,[5] and 50 percent in
the next year. Respondent contends that by choosing a method of
depreciation measured by a term of years, petitioner failed the
requirement of section 168(f)(1)(B).

Despite what its tax returns show, petitioner argues that it
did not use a depreciation method defined by a "term of years".
Petitioner does not deny that it used a 2-year straight-line
depreciation method. Petitioner argues that "Although
petitioner's Form 4562 depreciates the gaming equipment as 2-year
straight-line depreciation, the factors relied upon by petitioner
in determining that useful life were other factors that had
nothing to do with the wear and tear on the machines".
Petitioner further argues that it relied on the income forecast
method as well as a combination of other methods to determine the
depreciation deduction. Petitioner noted that, on October 1,
1998, it provided a schedule to the Internal Revenue Service
Appeals officer that tracked the income of its machines and that

---

[5] Petitioner used a half-year convention on its 1995 tax
return for the equipment placed in service after the midpoint of
that year.

demonstrated how income dropped off after the fourth or fifth quarters of operation.

Petitioner's argument is unpersuasive. The material fact is that petitioner depreciated its equipment ratably over a 2-year period. This fact is undisputed. The tax returns for the years in issue and the record show that petitioner used a method that was defined by a "term of years" and that petitioner did not use the income forecast method. The income forecast method requires the application of a fraction, the numerator of which is the income from the gaming equipment for the taxable year, and the denominator is the forecasted or estimated total income to be derived from the gaming equipment during its useful life. See ABC Rentals of San Antonio, Inc. v. Commissioner, T.C. Memo. 1999-14; Rev. Rul. 60-358, 1960-2 C.B. 68. This fraction is multiplied by the cost of the equipment that produced income during the taxable year after an appropriate adjustment for estimated salvage value. Rev. Rul. 60-358, 1960-2 C.B. at 69.

The tax returns show that petitioner calculated the depreciation deduction using the straight-line method over 2 years, taking 50 percent in the year the equipment was placed in service, then 50 percent the following year. In order to use the income forecast method, income must be forecasted. Petitioner prepared the income schedules submitted to the Appeals Office long after it filed its tax returns; therefore, we conclude that

the income of the equipment was not forecasted in order to calculate the depreciation deduction. Petitioner's president stated that revenue generated by the equipment dropped off after the fourth or fifth quarter. Thus, under the income forecast method of depreciation, petitioner would not have depreciated the machines evenly over 2 years. We conclude that petitioner did not use the income forecast method to depreciate its equipment, but, rather, a term of 2 years.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not herein discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion for partial summary judgment</u>.