Charles A. **CARLTON** and Marie E. **Carlton, et al., Appellants,**

v.

The **UNITED STATES, Appellee.**

**Appeal No. 85–2138.**

United States Court of Appeals, Federal Circuit.

Jan. 15, 1986.

---

**8.** See note 3, *supra*.

Richard S. Cohen, Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, Cal., argued, for appellants. With him on brief was Jeffrey K. Riffer.

John Griffin, Dept. of Justice, Washington, D.C., argued, for appellee. With him on brief were Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney and Michael J. Roach.

Before DAVIS, Circuit Judge, MILLER, Senior Circuit Judge, and NEWMAN, Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

The decision of the United States Claims Court granting the Government's motion for summary judgment and denying appellants' motion for summary judgment is affirmed on the basis of the thorough and well-reasoned opinion of Judge Mayer, 7 Cl.Ct. 323 (1985).

We note, particularly, the findings of the Claims Court that—

Under the city's pension plan, police and fire department members who were eligible for both a service pension and a service-connected disability pension could apply to be retired under either of the two provisions. However, because the plan prohibited a member from receiving both pensions at the same time, he had to choose between them. If he opted for a service pension, *he could not later claim entitlement to a disability pension....*

If a Los Angeles police or fire department member or former member incurred any work related illness or impairment resulting in a loss of earning power, he could apply for workers compensation. However, any payments received as a workers compensation award would reduce the amount of disability payments by the amount of the award. The service pension, by contrast, was not affected by workers compensation.

Both plaintiffs are receiving service pensions in amounts based on the number of years they served with the Los Angeles police department. Although shortly after their retirements they received workers compensation awards for service-connected disabilities, *their approved retirement applications requested pensions* "by reason of years of service." Therefore, despite a finding that they were disabled at the time of their retirements, their pension payments are founded solely on length of service....

7 Cl.Ct. at 324 (emphasis supplied).

These findings are not controverted by appellants. The characteristics of the city's pension plan are not matters of form, but, rather, matters of substance which bring appellants squarely within the terms of Treasury Regulation § 104–1(b), 26 C.F.R. § 1.104–1(b), which provides, *inter alia:*

[S]ection 104(a)(1) [Internal Revenue Code] does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service ... even though the employee's retirement is occasioned by an occupational injury or sickness.

Appellants cite Rev.Rul. 85–105, 1985–30 I.R.B. 13. However, the ruling involves a

state statute which provides that if a service pension is greater than a disability pension, "the larger sum will be paid as a disability pension." *Id.* No such provision is present in this case.

AFFIRMED.