T.C. Summary Opinion 2006-121


UNITED STATES TAX COURT


STEVEN ARNOLD DIEM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15994-04S.          Filed July 31, 2006.


Steven Arnold Diem, pro se.

<u>Catherine L. Campbell</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,472 in petitioner's Federal income tax for 1997, an addition to tax under section

_____

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code as amended.

6651(a)(1) in the amount of $331.20, and an addition to tax under section 6651(a)(2) in the amount of $368. At trial, respondent conceded the section 6651(a)(2) addition to tax.

The issues for decision are: (1) Whether payments received by petitioner during 1997 from the San Francisco, California Employees' Retirement System are excludable from gross income under section 104(a)(1) and section 1.104-1(b), Income Tax Regs., as payments in the nature of workmen's compensation, and (2) whether petitioner is liable for the section 6651(a)(1) addition to tax.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Victoria, B.C., Canada.

Petitioner was employed as a fireman by the city of San Francisco, California, for 18 years, from 1977 to 1995. Prior to that, he was a fireman for the city of Oakland, California, for 6 years. During the year 1995, petitioner was determined to be totally disabled by the San Francisco Fire Department. His disability was determined to have been caused by stress, over a sustained period of time, attributable to petitioner's coworkers. It was determined that this condition rendered petitioner incapable of performing his duties with the San Francisco Fire Department.

Petitioner initially applied for Industrial Disability Retirement Benefits from the city of San Francisco. Petitioner was approved for benefits under this program. The parties agree that the benefits under this program were equivalent to workmen's compensation benefits, and, accordingly, such benefits would not constitute gross income since petitioner's disabling condition was sustained within the scope of and in the course of his employment. Sec. 104(a)(1). However, petitioner never received any benefits under the Industrial Disability Retirement Benefits program. Petitioner's award had been made by the American Arbitration Association. Before any benefits were paid to him, the city of San Francisco, through its general counsel, refused to honor the determination and threatened to challenge the award in court. Petitioner was represented by counsel, and the two had several conferences with officials of the city regarding the matter. In that discourse, the representatives of the city of San Francisco represented to petitioner and his attorney that, if petitioner instead chose a "nonindustrial" disability retirement, the city would not oppose such an award. Petitioner received an assurance by the city, which was attested to by a representative of the IRS who was present at one of the conferences, that the benefits from a nonindustrial disability retirement program would not constitute gross income. The benefits under the nonindustrial disability program, however, were based on age and

years of service.  Because of the representation that the
nonindustrial disability benefits did not constitute gross
income, and considering further that the litigation that was
threatened by the city could be protracted and the outcome
uncertain, petitioner and his attorney agreed that petitioner
would accept the nonindustrial benefits.  He began drawing the
nonindustrial benefits in 1997 and received $16,617 that year.
On the Federal income tax return prepared by petitioner for 1997,
the $16,617 was reported as pension income, but, on line 21 of
Form 1040, U.S. Individual Income Tax Return, he listed a
negative income amount of $16,617, which he described on line 21
of the return as "nontaxable pension in lieu of workers comp."
In the notice of deficiency, respondent determined that the
$16,617 constituted gross income.[2]

In general, gross income includes "all income from whatever
source derived".  Sec. 61(a).  However, section 104(a)(1)
excludes from gross income "amounts received under workmen's
compensation acts as compensation for personal injuries or
sickness".

---

[2]Since this issue involves a question of law as to whether
the pension income is taxable, and there are no facts in dispute,
the Court decides the issue without regard to the burden of
proof.  See sec. 7491(a).  As to the sec. 6651(a)(1) addition to
tax, the burden of production is on respondent under sec.
7491(c).  However, the burden of proof remains on petitioner to
persuade the Court the imposition of the addition to tax is
incorrect.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Section 1.104-1(b), Income Tax Regs., provides in pertinent part:

> Section 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen's compensation act * * * or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. * * * However, <u>section 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness</u>. * * * [Emphasis added.]

This and other courts have consistently held that, in order to be excludable under the provisions of section 104(a)(1), retirement benefits or payments may not be based upon any factor other than disability, and, where benefits are based upon any other factor, such as age or length of service on the job, the retirement plan under which such benefits are paid will not qualify as being similar to workmen's compensation acts within the meaning of section 104. <u>Haar v. Commissioner</u>, 78 T.C. 864 (1982), affd. 709 F.2d 1206 (8th Cir. 1983); <u>Riley v. United States</u>, 140 Ct. Cl. 381, 156 F. Supp. 751 (1957); <u>Mabry v. Commissioner</u>, T.C. Memo. 1985-328; <u>Dauria v. Commissioner</u>, T.C. Memo. 1982-458; <u>Carlton v. United States</u>, 7 Cl. Ct. 323 (1985), affd. 782 F.2d 173 (Fed. Cir. 1986).

There is no dispute that the benefits petitioner received came from the nonindustrial disability retirement program, and

the benefits under that program were based upon petitioner's age and length of service. Such benefits, therefore, do not qualify under section 104(a)(1) and section 1.104-1(b), Income Tax Regs., quoted above. The benefits paid to petitioner, therefore, are includable in gross income.

Petitioner contends, however, that the city of San Francisco, through its representatives, as well as an agent of the IRS, assured him and his attorney that the benefits under the nonindustrial disability retirement system were in lieu of workmen's compensation benefits, and that the nonindustrial disability benefits would not constitute gross income. The Court concludes otherwise because the benefits were based upon age and length of service and were not based upon personal injuries or sickness. Whatever advice or representation that was made to petitioner has no bearing upon the Court's decision here. The law is well settled that the Commissioner is not estoped and cannot be bound by erroneous acts or omissions of his agents or representations by other parties such as the employer. Authoritative tax law is contained in statutes, regulations, and judicial decisions. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); Green v. Commissioner, 59 T.C. 456, 458 (1972). A taxpayer cannot prevail simply because he relied on incorrect advice from his attorney regarding the tax consequences of the

settlement.  <u>Coats v. Commissioner</u>, T.C. Memo. 1977-407, affd. without published opinion 626 F.2d 865 (9th Cir. 1980).  The representations that were made by the city of San Francisco and an IRS agent do not carry the weight of law.  Respondent, therefore, is sustained on this issue as the benefits petitioner received were based on age and years of service.

The remaining issue is respondent's determination of the addition to tax under section 6651(a)(1).  At trial, respondent offered into evidence certification that there was no record of filing of an income tax return by petitioner for the year at issue.  Petitioner argued otherwise and submitted to the Court a copy of the return he claimed he filed for 1997.  The Court need not address whether a return was in fact filed.  The copy of the return petitioner offered into evidence for 1997 bears a signature date of July 29, 2004.  Under section 6072(a), calendar year taxpayers, such as petitioner, are required to file their income tax returns by April 15 following the close of the taxable year.  For the year 1997, in the absence of any extensions, the return for that year should have been filed on or before April 15, 1998.  The return claimed to have been filed by petitioner bears the signature date of July 29, 2004, several years after the return was due to be filed.  Respondent, therefore, is sustained on this issue, since the 1997 return, if filed, was not timely.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent for the deficiency and for the section 6651(a)(1) addition to tax and for petitioner for the section 6651(a)(2) addition to tax.